IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA,
                      Plaintiff

vs.

                                 Case No: 18-00340-CR-LGS

SOHRAB SHARMA,
                     Defendant.

### _DEFENDANT'S MOTION TO SUPPRESS EVIDENCE_

COMES NOW, Sohrab Sharma, by and through undersigned counsel, and pursuant to F.R.Cr.P. 12(b)(3) and the Fourth Amendment to the United States Constitution respectfully requests that the Court enter an Order suppressing the contents of Sohrab Sharma's laptop and two I-Phones that were unlawfully seized by law enforcement on April 1, 2018 without a warrant.  As grounds in support thereof the defense would state the following:

1.       On April 1, 2018, Mr. Sharma was arrested by law enforcement pursuant to the Criminal Complaint in this case.

2.       On April 1, 2018, while effectuating the arrest of Mr. Sharma, law enforcement conducted a warrantless search of his residence after both occupants were removed from the residence.

3.       There were no specific articulable facts to conduct a limited protective sweep of his residence.  Assuming _arguendo_ there was, the sweep was impermissibly

overbroad.

4.     During that warrantless search, law enforcement seized Sharma's laptop and two I-Phones without a search warrant. One of the I-Phones and the laptop were seized upstairs after the two occupants were removed from the house and detained. These items were not contraband in and of themselves and should not have been seized.

5.     After the unlawful warrant less seizure, the government waited another three months until July 2, 2018 to get a warrant to search these items. Assuming *arguendo* the underlying seizure was reasonable, this three month delay was unnecessary, unreasonable and interfered with Sharma's possessory interest in the devices.

## ARGUMENT

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. amend. IV.* A warrant less search of a home is presumptively unreasonable. See *Groh v. Ramirez*, 540 U.S. 551, 559 (2004); *Payton v. New York*, 445 U.S. 573, 586 (1980). That presumption is rebuttable, however, see *Mincey v. Arizona*, 437 U.S. 385, 390 (1978), as "[t]he touchstone of the Fourth Amendment is reasonableness, and the reasonableness of a search is determined 'by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.'" *United States v. Knights*, 534 U.S. 112, 118-19 (2001) (quoting *Wyoming v. Houghton*, 526 U.S. 295, 300 (1999)).

In *Maryland v. Buie*, 494 U.S. 325 (1990), the Supreme Court applied the Fourth Amendment reasonableness test and permitted a limited warrantless search, or protective sweep, in a home by officers who were executing an arrest warrant inside the home and who had a reasonable suspicion that an individual posing a threat to the officers was present elsewhere on the premises. *Id.* at 334. The Supreme Court explained that the Fourth Amendment did not prohibit the officers from "tak[ing] reasonable steps to ensure their safety after, and while making, the arrest." *Id.* Accordingly, the officers could search beyond the area immediately adjoining the place of arrest if they had "articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Id.* The Court emphasized, however, that any such warrant less sweep may not be unnecessarily invasive and "may extend only to a cursory inspection of those spaces where a person may be found." *Id.* at 335. Moreover, the sweep must "last[ ] no longer than is necessary to dispel the reasonable suspicion of danger and in any event no longer than it takes to complete the arrest and depart the premises." *Id.* at 335-36. Although, an "arrest may be highly relevant" to the determination of whether officers possess reasonable suspicion of danger, *Gould*, 364 F.3d at 584, the effectuation of an arrest, regardless of whether pursuant to a warrant, is not the sine qua non of a permissible protective sweep. *Buie*, 494 U.S. at 334-335. Here, there was no reason for the officers to go upstairs since they arrested Sharma downstairs

and conducted the warrantless search after Sharma and his girlfriend were both handcuffed removed from the residence.

Furthermore, the three month delay in obtaining the search warrant was unnecessary and more importantly constitutionally unreasonable. "Of course, even a seizure based on probable cause is unconstitutional if police act with unreasonable delay in securing a warrant." *United States v. Smith,* 17-2446 (2nd Cir. 1/7/17)(unpublished) citing *United States v. Martin*, 157 F.3d 46, 54 (2d Cir. 1998). In determining whether such a delay is unreasonable, "[w]e must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *United States v. Place*, 462 U.S. 696, 703 (1983). The reasonableness of a delay in seeking a warrant to search legally seized property is "determined in light of all the facts and circumstances, and on a case-by-case basis." *United States v. Mitchell*, 565 F.3d 1347, 1351 (11th Cir. 2009)(evidence suppressed based on a 21 day delay in obtaining a search warrant). General relevant considerations include the length of the delay, the importance of the seized property to the defendant, whether the defendant had a reduced property interest in the seized items, and the strength of the state's justification for the delay. See, e.g., *Martin*, 157 F.3d at 54 (eleven-day delay in seeking a warrant to search containers of aircraft parts reasonable because, inter alia, defendant had given the seized property to a third party and the delay included two weekends and a holiday). In *United States v. Pratt*, Case# 17-4489, (4th Cir. 2/8/19), the

4th Circuit reversed sex trafficking and child pornography convictions based on an unreasonable delay in seeking a search warrant where the government's only explanation for the 31-day delay in obtaining a warrant was that Pratt committed crimes in both North Carolina and South Carolina and agents had to decide where to seek a warrant. Here, there is no reason for the three month delay in obtaining a search warrant and the evidence should be suppressed.

WHEREFORE the defense respectfully requests this motion be granted.

I HEREBY CERTIFY that the foregoing was filed using the CM/ECF system, on this 29th day of April, 2019.

Respectfully submitted,

s/ Gennaro Cariglio Jr.
Gennaro Cariglio Jr.
8101 Biscayne Blvd.
Penthouse 701
Miami, FL 33138
(305) 899-0438
Florida Bar No.: 51985
Atty. for Defendant
Sobeachlaw@aol.com