IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA,
                           Plaintiff

vs.
                                     Case No: 18-00340-CR-LGS

SOHRAB SHARMA,
                           Defendant.

*DEFENDANT'S REPLY TO GOVERNMENT'S SUBMISSION IN
OPPOSITION TO DEFENDANT SHARMA'S MOTION TO SUPPRESS EVIDENCE*

       COMES NOW, Sohrab Sharma, by and through undersigned counsel, and replies to the Government's Submission in Opposition to Defendant Sharma's Motion to Suppress Evidence. As grounds in support thereof the defense would state the following:

       1.     There are significant material facts in dispute that necessitate a hearing on Mr. Sharma's motion to suppress.

       2.     The government's allegation that the Acting Supervisory Agent called Sharma's Cellphone-1[1] and heard it ring (DE-121:22), is not true as the phone was off.

       3.     The government's allegation that Sharma's Cellphone-1 was in Sharma's hands (DE-121:23) is not true as that cell phone was never seized.

       4.     The government's implication that Sharma was asked by agents whether there were any firearms *prior* to the protective sweep is not accurate (DE-121:23), as

---

[1] Sharma Cellphone-1 is referred to as the cell number ending in "3138". DE-121:15.

Sharma was asked whether he had any firearms *after* the protective sweep.

5. The agents never told Brielle Farkas or Sohrab Sharma that they had to accompany Brielle Farkas to retrieve Mr. Sharma's shoes. The agents never asked either Sharma or Farkas for consent. Neither Sharma or Farkas gave consent to follow Farkas into the residence to retrieve Mr. Sharma's shoes and the screwdriver for the bracelet. The agents unlawfully followed Farkas into the house for her to retrieve the shoes and the screwdriver for Mr. Sharma's bracelet. Brielle Farkas never voluntarily escorted agents into the bedroom. (DE-121:41)

6. The agents violated Sharma's *Miranda* rights on two separate occasions. First, when Sharma was initially in custody, after the protective sweep, they asked him if he had any firearms. (DE-121:23) Second, after finding the handgun they further questioned him on "whether he had any felony convictions."[2] (DE-121:24-25).

7. After the second *Miranda* violation, agents unlawfully went into Sharma's residence for a third time to retrieve the firearm. At the time the agents entered Sharma's residence they did not have probable cause to believe that Sharma was a convicted felon. On this intrusion into Sharma's residence agents unlawfully seized a second cellular telephone and a computer while retrieving a firearm.

---

[2] A separate Motion to Suppress Statements is being filed along with this motion. Although, the Rule 12 deadline was April 29, 2019, counsel filed a Motion to Continue the Trial Date (DE-115) and all of the associated motion deadlines due to the voluminous discovery in this case. The Court should either grant the motion to continue or grant leave of Court to file the Motion To Suppress Statements out of time as the current trial date is five months away and there is plenty of time to properly litigate this motion.

8. Without an evidentiary hearing, it is impossible for the Court to make factual determinations such as whether Farkas or Sharma consented to the search, what specifically the cooperative behavior was or whether the agents unilaterally entered the residence without obtaining express or implied consent. Additionally, it is impossible for the Court to make factual determinations regarding the three month delay in seeking a search warrant. While the government explains the steps taken by two of the agents, it does not explain the time it took to undertake those actions, whether other agents were working the case, and if so, how many. There are a multitude of facts this Court must adjudicate to determine whether this was a valid search and to determine the reasonableness (or unreasonableness) of the delay in seeking the warrant.

## ARGUMENT

**A.** **iPhone in Sharma's Hand:**

First, the agents did not have probable cause to believe the iPhone Sharma was holding in his hands had evidence of the charged fraud offenses as the agents did not seize Sharma's Cellphone-1, but rather seized a different iPhone. Therefore, the government's argument that the agents had probable cause to believe Sharma used the particular iPhone in his hand is simply not true. See DE-121:37.

**B.** **Laptop and iPhone in Bedroom**:

The government's argument that they had Farkas's consent to search because she voluntarily escorted the agents into the bedroom for her to get Mr. Sharma's shoes and a

screwdriver for his bracelet is not an accurate description of the events. In reality, an evidentiary hearing will demonstrate that the agents never asked for consent, and just took it upon themselves to follow her into the bedroom without obtaining consent. The government incorrectly attempts to shift their burden of proving consent by arguing that either Sharma or Farkas must have physically or verbally done something to discourage the agents from following Brielle Farkas into the house. The government also mentions Farkas' cooperative behavior (DE-121:43) but does not say what her "voluntary efforts" were in escorting the agents into the bedroom. In reality Farkas' "escort" was merely Farkas walking into the bedroom and the agents, without obtaining consent, unlawfully following. Furthermore, for the reasons discussed in Sharma's Motion to Suppress Statements, any statements made by Sharma as to the location of the firearm were obtained in violation of Sharma's *Miranda* rights and do not meet the narrow public or officer safety exception to *Miranda*. Therefore, the government cannot rely on Sharma's statements to law enforcement to justify a consent search of the residence.

Additionally, Sharma's prior counsel demanded the return of Sharma's devices immediately and clearly she was entitled to possess them to assist Sharma in his defense. See Exhibit A. Regardless of whether Sharma could possess the said devices during the three month delay, his attorney certainly could have.

**"Good faith" Exception:**

Finally, Agent Racz's search warrant application to Magistrate Wang contains

misrepresentations and omissions such that the government cannot rely on the "good faith" exception to the exclusionary rule. First, the warrant misstates that the agents heard a brief ring tone for the device that was quickly silenced as the device was off at the time the Agents executed the warrant. DE-121-6:18. Second, the warrant misstates that Sharma Cellphone 1 believed to Subject Device-1 was seized. DE-121-6:18,19. Third, the application erroneously implies that Sharma was asked about whether a firearm was in the residence prior to the protective sweep as opposed to after the protective sweep was concluded. *Id.* at 19. Fourth, the application erroneously implies that Farkas was told the agents would accompany her into the house while she retrieved Sharma's shoes and screwdriver for his bracelet. *Id.* at 19. Fifth, the application omits the second search of the residence in its' entirety. Sixth, the application omits Sharma's counsel's immediate demand for a return of the devices. See Exhibit A.

Furthermore, *Leon* is not even directly on point in this case. *Leon* addressed a situation of entirely lawful police investigation culminating in good-faith reliance on a magistrate's erroneous determination that probable cause existed to issue the search warrants. That is, there was (1) a lawful investigation, (2) an application for a warrant, (3) a magistrate's determination that the affidavit contained probable case and the warrants were issued, (4) searches conducted and objective good-faith reliance on the magistrate's determination, and (5) a court's later determination that the magistrate erred in determining that the facts in the affidavit amounted to probable cause. In *Leon*, the police

did not ever violate the law. They simply relied in good faith on a magistrate's error. In this case, however, there was (1) first an illegal warrantless search of the defendant's home, and (2) a violation of Sharma's *Miranda* rights, and (3) a warrant application relying primarily on the evidence obtained as a result of the illegal search, *Miranda* violations and the fruits obtained therefrom. The government's argument fails to account for this crucial and determinative difference between *Leon* and the instant case.

The government's argument also fails to distinguish, as *Leon* instructs, between errors by judges and magistrates, and errors by police officers. The deterrence rationale, *Leon* holds, is not applicable to errors by judges and magistrates. When police misconduct occurs, however, the deterrence rationale is at its apex. "Good faith is not a magic lamp for police officers to rub whenever they find themselves in trouble." *United States v. Reilly*, 76 F.3d 1271, 1280 (2d Cir. 1996). In this case, the police conducted a warrantless and presumptively unconstitutional search of the defendant's home. *Payton v. New York*, 445 U.S. 573, 585 (1980) and violated Sharma's *Miranda* rights. These are clear Fourth and Fifth Amendment violations by police officers. *Leon* instructs us to pay "[c]lose attention" to the "remedial objectives" of the exclusionary rule, and apply it only in those cases where the purpose of deterrence can be furthered. *Leon*, 468 U.S. 897, 908, 918 (1984). This is precisely such a case. It is not, as *Leon* was, a case where "an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." *Id.* at 920-21. Therefore, the Court should not apply *Leon* to

the instant case.

      WHEREFORE the defense respectfully requests this motion be granted.

      I HEREBY CERTIFY that the foregoing was filed using the CM/ECF system, on this 29th day of May, 2019.

      Respectfully submitted,

s/ Gennaro Cariglio Jr.
Gennaro Cariglio Jr.
8101 Biscayne Blvd.
Penthouse 701
Miami, FL 33138
(305) 899-0438
Florida Bar No.: 51985
Atty. for Defendant
Sobeachlaw@aol.com