```
UNITED STATES DISTRICT COURT                        USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                       DOCUMENT
------------------------------------------------X   ELECTRONICALLY FILED
                                                :   DOC #:_____
UNITED STATES OF AMERICA                        :   DATE FILED: 01/09/2020
                      Plaintiff,                :
                                                :      18 Cr. 340 (LGS)
           -against-                            :
                                                :           ORDER
SOHRAB SHARMA, et al.,                          :
                      Defendants.               :
------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, by Order dated on October 9, 2019 (the "Order"), Defendants' Motion to Take Pre-Trial Depositions pursuant to Rule 15 of the Federal Rules of Criminal Procedure was denied. The Order held that, although Defendants had met their Rule 15 burden with respect to the unavailability of the proposed witnesses, they had failed to establish the materiality of the proposed witnesses' testimony and why the testimony was "necessary to prevent a failure of justice."

      WHEREAS, on October 23, 2019, Defendants filed a Motion for Reconsideration of the Order. The Government filed its opposition on November 18, 2019. After their request was granted, Defendants filed a reply on December 10, 2019, and the Government filed a sur-reply on December 13, 2019.

      WHEREAS, pursuant to Rule 15, "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). A Rule 15 motion should be granted if "(1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001); *accord United States v. Connolly*, No. 16 Cr.

370, 2018 WL 2411217, at *1 (S.D.N.Y. May 15, 2018).  The movant seeking the deposition bears the burden of proving that it is warranted.  *United States v. Whiting*, 308 F.2d 537, 541 (2d Cir. 1962); *accord Connolly*, 2018 WL 2411217, at *2.

WHEREAS "[a] motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation mark omitted); *accord In re Platinum-Beechwood Litig.*, 400 F. Supp. 3d 2, 4 (S.D.N.Y. 2019).  The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord In re Platinum-Beechwood Litig.*, 400 F. Supp. 3d at 4.  A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Surveys, Inc.*, 684 F.3d at 52 (internal quotation marks omitted); *accord United States ex rel. Grubea v. Rosicki, Rosicki & Assocs., P.C.*, 319 F. Supp. 3d 747, 751 (S.D.N.Y. 2018).  The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court."  *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *accord Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018).  It is hereby

**ORDERED** that Defendants' motion for reconsideration of the Order is **DENIED**.  Defendants' various arguments for reconsideration fail to identify an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice.  *See Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104.

First, Defendants contend that the Order misconstrued central factual disputes in the case,

2

including principally "whether the defendants misrepresented that the Centra Card worked at stores accepting Visa and Mastercard." Defendants' assertion is incorrect. The Order expressly discussed the "central issue of whether Defendants lied . . . about whether the technology actually worked at stores that accepted Visa and Mastercard during Centra Tech's ICO." Dkt. No. 198 at 3. This is not inconsistent with the Order's language that Defendants seize on, that "[t]he parties do not dispute that Centra Tech developed *various components* of the supporting technology behind the cryptocurrency [] card that Centra Tech claimed to offer." Dkt. No. 198 at 3 (emphasis added).

Defendants relatedly argue that the Government recently revealed in its motions *in limine* that it now disputes the functionality of Centra Tech technology during the relevant time period. This argument is without merit, as the Government's Rule 15 opposition made clear that it "expect[ed] the testimonial and documentary evidence at trial [to] establish that the defendants misstated how far along Centra Tech's technology actually was during the ICO." Dkt. No. 185 at 18.

Defendants use these foundationless arguments to reargue the materiality of the proposed deposition testimony, a matter that is not appropriate for a motion for reconsideration. *See Analytical Surveys, Inc.*, 684 F.3d at 52; *C.D.S., Inc. v. Zetler*, 268 F. Supp. 3d 563, 568-69 (S.D.N.Y. 2017) (denying plaintiff's motion for reconsideration because it concerned the same issue previously address by the court). Even considering the merits of Defendants' arguments relating to materiality, the logic of the Order was not that Kacanski and Pejkov's proposed testimony was *unrelated* to the question of how far along Centra Tech's technology was during the relevant time period. Rather, the Order concluded that this proposed testimony would establish, at best, that *various components* of the Centra Tech card supporting technology had

3

been developed and/or tested during the relevant time period.[1] To the extent that Defendants claim that Kacanski and Pejkov are the only witnesses available with "first-hand knowledge" of Centa Tech technology as it was being developed, Defendants have subpoenaed for trial testimony, and the Government intends to call, Steven Sykes, who was hired as Centra Tech's Chief Technology Officer shortly after the July 30, 2017, commencement of the ICO and "was personally involved in Centra Tech's attempts to develop its supporting technology, and was aware of the efforts that had been made – before the ICO, during the ICO, and after the ICO – to develop components of the supporting technology." Dkt. No. 247 at 2. Because Kacanski's declaration states that he worked on the specific portion of the data mining system in August 2017 and Pejkov's declaration states that he began work in June 2017, there would be no "manifest injustice" from Defendants eliciting testimony from Mr. Sykes regarding the functioning of components of Centra Tech technology during the relevant time period, as well as introducing any related documentary evidence.

Defendants also argue that the Order erred by failing to address the relevance of Matumoto and Shehata's proposed testimony in rebutting the charge of wire fraud. Specifically, Defendants argue that "where the purported victim receive[s] the full economic benefit of its bargain," *United States v. Binday*, 804 F.3d 558, 570 (2d Cir. 2015), "[a]pplication of the wire fraud statute has been 'repeatedly rejected.'" Dkt. No. 221 at 9 (quoting *Binday*, 804 F.3d at

---

[1] Defendants also state that Pejkov is now prepared to testify that "technology was developed that allowed the card at stores accepting Mastercard and Visa during this time period," Dkt. No. 221 at 6, a fact that is not reflected in his original Rule 15 declaration. This is improper on a motion for reconsideration, *see Nat'l Jewish Democratic Council v. Adelson*, No. 18 Civ. 8787, 2019 WL 6895435, at *1 n.2 (S.D.N.Y. Dec. 18, 2019) (rejecting defendant's attempt to meet his burden, on a motion for reconsideration, by submitting a new declaration), and does not alter the Court's conclusion about the materiality of Pejkov's testimony.

570).  Defendants contend that because Matumoto and Shehata's proposed testimony would show that they acquired Central Bank cards "for use on the platform" and that the cards "worked at all points of sale," *see* Dkt. No. 172, it is sufficiently relevant to whether the alleged victims of the scheme received the benefit of their bargain.  This argument was not raised before and is improper to raise now for the first time on this motion for reconsideration.  *See Analytical Surveys, Inc.*, 684 F.3d at 52.  Even if the argument were proper, it is unpersuasive.  While Matumoto and Shehata's testimony about their purchase and use of Centra Tech cards may in some way be relevant to whether purported victims received the full economic benefit of their bargain, it is not sufficiently material under Rule 15, especially given the approximately 1,500 other investors in Centra Tech.  *See* Dkt. No. 241 at 20 n.3.  Moreover, under the wire fraud statute, a misrepresentation need not inflict actual financial loss; it is enough if the victim was deprived "of potentially valuable economic information" necessary to make an informed economic decision.  *See Binday*, 804 F.3d at 570; *see also United States v. Tagliaferri*, 648 F. App'x 99, 103 (2d Cir. 2016) (summary order).

Finally, Defendants argue that the Order overlooked their offer to conduct some or all of the depositions by video, by concluding that Defendants had not "addressed the practical concerns associated with conducting Rule 15 depositions in four different foreign countries, each of which may not permit depositions or foreign subpoenas, or may permit them only in limited circumstances." Dkt. No. 198 at 4.  Defendants are incorrect.  Neither Defendants' Rule 15 motion nor the motion for reconsideration attempts to explain whether, and under what circumstances, depositions of the proposed witnesses would be permitted under Serbian, Macedonian, Chinese and Dutch law, respectively, whether conducted in person or by video.  *See United States v. Buck*, 271 F. Supp. 3d 619, 622-24 (S.D.N.Y. 2017) (noting that Rule 15

depositions via videoconference are permitted when the movant satisfies Rule 15 requirements, as well as "[u]pon a finding of exceptional circumstances" and considering, among other things, "significant questions regarding the feasibility and reliability of . . . videoconferencing testimony," including whether the foreign government in question "would assist in facilitating said testimony").

The Clerk of Court is respectfully directed to close the motion at Docket No. 221.

Dated: January 9, 2020
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**