

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 02/18/2020

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

February 14, 2020

**BY ECF AND EMAIL**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States* v. *Sohrab Sharma, et al.,* **18 Cr. 340 (LGS)**

Dear Judge Schofield:

      The Government respectfully submits this letter on behalf of the parties to provide an update, pursuant to the Court's January 31, 2020 Order (Dkt. 263), regarding the status of the defense's expert discovery and its impact on the Government's pending motion to preclude defense experts.

      As the Court is aware, the defendants previously notified the Government and the Court that they intended to call four expert witnesses, Danny Yang, Keren Zhou, Maria Yip, and Marcia Bour. (*See* Oct. 11, 2019 Gov't Motions *in Limine* at 78-86; Dkt. 237 at 1-2). On January 21, 2020 and January 23, 2020, the defendants provided a second and third supplemental expert witness disclosure regarding Mr. Zhou. The defendants' position is that they believe they have complied with their Rule 16(b)(1)(C) obligations with respect to Mr. Zhou's testimony. The Government disagrees. With respect to Mr. Yang, Ms. Yip, and Ms. Bour, on January 22 and January 27, 2020, the defendants represented that they will not be calling these witnesses as expert witnesses, but they reserve the right to call them as summary witnesses or "rebuttal expert" witnesses.

      As described in the parties' January 27, 2020 status update to the Court (Dkt. 259), in an attempt to narrow the issues in dispute regarding the sufficiency of the defendants' expert disclosures and potentially obviate the need for additional litigation on the topic, the Government proposed to the defense a schedule for mutual exchanges of disclosures of summary witness testimony and exhibits regarding blockchain records and records of financial transactions, and expert testimony that the parties intend to elicit at trial, including for additional disclosures regarding Mr. Zhou's testimony. A description of the parties' agreements and the Government's proposals and requests is as follows:

1. **Testimony of Keren Zhou**

    As a result of the parties' discussions, the defendants have agreed to supplement their expert disclosures for Mr. Zhou with a written summary of the testimony that they intend to elicit from Mr. Zhou, including a summary of the opinions that they intend to elicit from Mr. Zhou and the bases and reasons for these opinions, as required by Federal Rule of Criminal Procedure 16(b)(1)(C), by February 28, 2020. The Government reserves the right to continue its objections to Mr. Zhou's proposed testimony, depending on the nature and substance of the defendants' additional supplemental disclosures.

2. **Testimony of Other Defense Expert Witnesses**

    As to any other expert witnesses whom the defense may call at trial, the defense has agreed to disclose the names of any other expert witnesses, and disclose, for each such expert witness, all the expert disclosure materials required by Rule 16(b)(1)(C), by February 28, 2020. The Government reserves the right to continue its objections to the additional proposed expert testimony, depending on the nature and substance of such testimony.

3. **Summary Witness Testimony Regarding Blockchain and Financial Records**

    Finally, with respect to mutual exchanges of disclosures concerning any summary witness testimony regarding blockchain records and records of financial transactions, the Government offered to provide the defendants with early disclosures regarding (i) summary chart exhibits related to tracing blockchain transactions and financial transactions, (ii) identification of the records and documents relied on in such summary charts, and (iii) a summary of the expected testimony for each summary witness whom the Government intends to call during its case-in-chief at trial, if the defendants would also agree to make reciprocal disclosures of such information to the Government a week after the Government's disclosures.

    In response, the defendants stated that they have not committed to calling summary witnesses yet, although they may, per their prior communications. The defendants also stated that they would be able to evaluate better the situation after they receive and review witness materials produced by the Government pursuant to 18 U.S.C. § 3500, and are open to further discussions at that time. As the Court is aware, the defendants previously requested an extension of their deadline to disclose materials related to the expert analyses of Maria Yip, Marcie Bour, and Danny Yang, stating that Ms. Yip, Ms. Bour, and Mr. Yang were still working on their analyses, but the entirety of their work was not yet competed and a final version of their expert disclosure could not yet be completed. (Dkt. 237 at 1-2).

    The Government's deadline for producing § 3500 materials is March 2, 2020. In light of the defendants' position regarding the summary witness testimony they may or may not offer at trial, the Government plans to produce, on March 2, 2020, consistent with the Court's case management schedule, materials pursuant to § 3500 for any such witnesses, which will include draft summary chart exhibits related to tracing blockchain transactions and financial transactions.

By this letter, the Government respectfully requests that the Court set a deadline of March 9, 2020, by which the defendants must provide reciprocal discovery regarding summary witness testimony they may or may not offer at trial, including Rule 26.2 materials and draft summary chart exhibits related to tracing blockchain transactions and financial transactions (the "Defense Summary Witness Materials"). The defendants oppose this request. The Government makes this request—and attempted to reach agreement on early disclosures with the defendants regarding such testimony—because the nature of such financial tracing could be voluminous to review and assess in order to make timely objections, if any, in advance of trial, and, depending on the nature of the summary testimony (particularly in light of the defendants' prior expert disclosures) may require (i) expert review and analysis, and (ii) additional motions practice. The defendants' position is that the Government's proposed deadline does not give the defense sufficient time to review what is undoubtedly substantial § 3500 materials, which are being produced on March 2, 2020 and which are almost surely to affect any possible defense summary witness testimony. The defendants request that the deadline be set for March 23, 2020, which is also the deadline for a number of other trial-related disclosures as outlined below.

\*    \*    \*

  In light of the defendants' current position regarding their summary witness testimony, if any, the agreements reached by the parties regarding additional disclosures for Mr. Zhou, and, the Government's proposal regarding the Defense Summary Witness Materials (if granted), the Government requests that the Court hold its motion to preclude the defendants' expert witness testimony in abeyance to allow the parties to continue to attempt to resolve any issues in dispute. Upon receiving the Defense Summary Witness Materials and the additional disclosures regarding Mr. Zhou's testimony, the Government will promptly provide a status update to the Court and seek the appropriate relief.

  In addition, as it relates to the defendants' disclosures, the Government respectfully requests that the Court order the defendants to produce any Rule 26.2 materials for witnesses whom they intend to call during their case-in-chief at trial by March 23, 2020, which is also the date set by the Court for each of the defendants to disclose (1) any non-impeachment exhibits he intends to offer through Government witnesses during cross-examination; (2) any exhibits he intends to offer during his case-in-chief at trial; (3) a list of witnesses whom he intends to call during his case-in-chief at trial. (*See* Dkt. 206). The defendants consent this request.

          Respectfully submitted,

          CRAIG STEWART
          Attorney for the United States
          Acting Under 28 U.S.C. § 515

    By:  /s/_____
      Negar Tekeei / Samson Enzer / Daniel Loss
      Assistant United States Attorneys
      (212) 637-2482 / -2342 / -6527

Pursuant to the parties' agreements, defendants shall (1) supplement their expert disclosures for Mr. Zhou, as required by Federal Rule of Criminal Procedure 16(b)(1)(C), by February 28, 2020; (2) disclose the names of any other expert witnesses, and disclose, for each such expert witness, all the expert disclosure materials required by Rule 16(b)(1)(C), by February 28, 2020; and (3) produce any Rule 26.2 materials for witnesses whom they intend to call during their case-in-chief by March 23, 2020.

Defendants' request regarding the summary witness testimony is GRANTED. Defendants shall provide the Defense Summary Witness Materials by March 23, 2020.

The parties shall file a status letter by March 6, 2020, updating the Court as to the status of the defense's expert discovery and its impact on the Government's pending motion to preclude defense experts.

SO ORDERED.

Dated: February 18, 2020
   New York, New York

                LORNA G. SCHOFIELD
                UNITED STATES DISTRICT JUDGE