# GENNARO CARIGLIO JR., P.L.
**8101 BISCAYNE BOULEVARD • PENTHOUSE 701 • MIAMI, FL 33138**
**TEL (305) 899-0438**
**FAX (305) 373-3832**

September 16, 2020

**Via ECF and Email**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:   <u>United States v. Sohrab Sharma, et al. (18 Cr. 340)</u>**
          Sohrab "Sam" Sharma

Dear Judge Schofield:

      Defendant, Sohrab "Sam" Sharma, by and through undersigned counsel, respectfully replies to the Government's Letter Response dated September 15, 2020 opposing Mr. Sharma's Motion to Modify the Conditions of His Pre-Trial Release as follows:

      The Court gave the government a hearing on their October 29, 2018 Motion to Revoke Mr. Sharma's bond and the opportunity to prove that Mr. Sharma had in fact violated the conditions of his bail, specifically by contacting investors.  Notably, the government omitted a critical fact that the Court observed during the November 16, 2018 hearing.  During that hearing the government failed to prove that Mr. Sharma had actually contacted investors or directed another person to contact investors by creating a blog post/press release that was open to the general public, not just the investors.  Since the Court modified Mr. Sharma's bond almost two years ago, Mr. Sharma has not had any issues with his pretrial release and never violated his bond conditions to begin with.

      Despite Mr. Sharma's compliance with his stringent bond conditions for approximately twenty-five months, the government now suggests that Mr. Sharma's reason for wanting internet access, to be gainfully employed as a software developer, is a "false pretext".  The government does not and cannot dispute the fact that Mr. Sharma is eminently qualified to be a legitimate software developer.  Mr. Sharma has not asked to work before because he spent almost every single day at counsel's office defending his case for the past twenty months.

      The government, after agreeing to modify Mr. Sharma's bond to allow him to leave his residence pending sentencing then criticizes where Mr. Sharma actually went to falsely suggest that Mr. Sharma has been "frolicking" all over Miami and engages in risky behavior.  The monitoring records will show that Mr. Sharma lives less than a mile from the beach and Mr. Sharma travels there a few times a week to walk his dog as it has a

designated area for dogs.  Additionally, Mr. Sharma practices social distancing while he is at the beach and is not engaging in risky behavior.  After being in his house for twenty-seven months, Mr. Sharma goes out to eat on occasion at restaurants.  What the government failed to mention is that Mr. Sharma eats outside at the restaurants because until September 1, 2020 inside dining was banned in Miami-Dade County.  With respect to the "high end shopping centers" it should be noted that both Mr. Sharma and Mr. Farkas both live close to the Aventura Mall and Bal Harbour Shops, repsectively.  Bal Harbour Shops is an outside mall Mr. Sharma visited a few times to go to dinner on an outside terrace.  Also, Mr. Farkas lives extremely close to Bal Harbour Shops (almost directly across the waterway). This is significant because the GPS monitor is not accurate, and Mr. Sharma spends a lot of time at Mr. Farkas' residence as Mr. Farkas' sister is Mr. Sharma's long-time live-in girlfriend.  In fact, the GPS monitor could easily confuse Mr. Farkas' residence for the Bal Harbour Shops because it has been inaccurate in the past.  Mr. Sharma and U.S. Pretrial Services know this because the GPS monitor has often placed him in the middle of the Atlantic Ocean when he was actually in his residence.  As a result, U.S. Pretrial Services placed a beacon in his residence approximately six months ago. It is counsel's understanding that U.S. Pretrial Services also had to place a beacon in Mr. Farkas' residence due to the inaccuracies of his GPS device.  These facts would have all been explained to the government if it had raised these issues prior to filing their response with the defense.

Also, there is a runway path on the east side of Aventura Mall that Mr. Sharma visits frequently to exercise and run as it was recommended to Mr. Sharma that he should exercise due to his pre-diabetic state and high cholesterol levels.  The defense provided those medical records to the government documenting these conditions upon their request prior to the government filing their response.

Furthermore, freelance software developers tend to be decentralized and work from home, so for the government to suggest that Mr. Sharma is healthy enough to work in an office environment is irrelevant.  Additionally, if Mr. Sharma was working as a software developer in an office for a company it would still require internet access, so their argument is misplaced.

Mr. Sharma should be given an opportunity to (1) earn a living[1] and (2) demonstrate to the Court that he can be a productive citizen after spending over two and a half years in pretrial home detention.  The government seeks to deny Mr. Sharma the right to make an honest living at his profession and seeks to deny him a mitigating § 3553(a) factor to argue at sentencing.

Finally, there is no point for Mr. Sharma to use the internet to contact investors, counsel can do that for sentencing purposes if they so choose.  Mr. Sharma has accepted responsibility and does not want to violate his plea agreement and jeopardize his acceptance of responsibility points.

---

[1] Mr. Sharma's father cannot continue to support him as he is no longer working full time due to his health conditions. Nor should he have to.

      Accordingly, it is respectfully requested that this Court enter an Order modifying the conditions of Mr. Sharma's pre-trial release.

                                             Very truly yours,

                                           */s/ Gennaro Cariglio*
                                           GENNARO CARIGLIO, ESQ.