

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

<em>The Silvio J. Mollo Building</em>
<em>One Saint Andrew's Plaza</em>
<em>New York, New York 10007</em>

September 15, 2020

**VIA ECF AND EMAIL**
Honorable Lorna B. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

For substantially the reasons stated in this letter, Defendant Sharma's application to modify the conditions of his release is DENIED.  The Clerk of the Court is directed to terminate the letter motion at docket number 377.

Dated: September 17, 2020
New York, New York

*[signature]*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Re:  *United States* v. *Sohrab Sharma*, 18 Cr. 340 (LGS)

Dear Judge Schofield:

Pursuant to the Court's Order of September 9, 2020 (Dkt. 378), the Government respectfully submits this letter to explain why the Government and the Senior United States Probation Officer supervising defendant Sharma's compliance with his Court-ordered bail conditions oppose his most recent application to modify those bail conditions.  Sharma's application seeks to remove the bail condition barring him from accessing the internet at his home based on claims that he "needs to be employed at this time" and needs internet access to work from his home as a freelance software developer. (Dkt. 377).  Sharma previously used the internet to perpetrate the sophisticated multi-million dollar fraud scheme that resulted in his arrest and conviction of multiple fraud conspiracy offenses in this case, and he used the internet again following his arrest to communicate with victims of that fraud scheme in violation of his Court-ordered bail conditions in this case.  In light of Sharma's prior abuses of the internet, the Government and his Probation Officer respectfully submit that it would be inappropriate to give him internet access at home, especially now that he is just a few weeks from being sentenced for the fraud crimes that he has pleaded guilty to committing.

As the Court is aware, defendant Sharma recently pleaded guilty to three fraud conspiracy counts stemming from his role in orchestrating and leading a fraudulent scheme during the period from July 2017 through April 2018 through which he and the other co-founders of Centra Tech, Inc. used fraudulent solicitation materials that they disseminated via the internet to deceive hundreds if not thousands of victims into investing millions of dollars in assets in Centra Tech's initial coin offering ("ICO") based on brazen lies.  As part of his plea agreement with the Government, Sharma admitted that he was "an organizer, leader, manager or supervisor of such criminal activity" and that he "willfully attempted to obstruct the administration of justice" based on his efforts in late 2017 and early 2018 to obstruct the parallel investigation by the United States Securities and Exchange Commission (the "SEC") of Sharma's Centra Tech fraud scheme by "caus[ing] Centra Tech to relay false representations to the SEC concerning alleged measures that Centra Tech had supposedly taken to prevent the dissipation of investor assets in Centra Tech's possession that Centra Tech had raised through fraud."

Following Sharma's arrest by the Federal Bureau of Investigation in this case in April 2018, United States Magistrate Judge Debra Freeman ordered Sharma detained until he met stringent

bail conditions that she set after presiding over two contested detention hearings in May 2018. Specifically, Judge Freeman ordered on May 11, 2018 that Sharma be released only upon satisfying bail conditions requiring Sharma to, among other things: (1) sign a personal recognizance bond of $5 million, and arrange for it to be co-signed by two financially responsible persons, and secured by $1 million in real property and/or cash; (2) be subject to home detention with GPS monitoring; (3) abide by a prohibition against Sharma's use or access to computers, smart phones, or the internet; and (4) refrain from having any contact with Centra Tech investors. (Dkt. 13). On June 7, 2018, Sharma was released on bail after, among other things, signing an appearance bond in which he declared under penalty of perjury that he had either read all the conditions of release set by the court or had them explained to [him]." (Dkt. 33). Since his release, Sharma has been on home detention in his two-bedroom duplex apartment in a luxury condominium apartment building in Miami, Florida, where he has been supervised by a Senior United States Probation Officer in the Southern District of Florida.

On July 11, 2018, the prohibition against Sharma's use or access to computers, smart phones or the internet was lifted based on an earlier application by Sharma in which he represented to the Court that "[t]he television in [his] home is connected to the internet," and that he needed that bail modification to "permit use and access to the internet for the purpose of using his home television and other media players, such as Apple TV, Playstation, and Xbox." (Dkt. 42). The prohibition barring Sharma from having any contact with Centra Tech investors remained in place.

Three weeks after the prohibition against Sharma's use of the internet was lifted, Sharma abused the internet to violate the conditions of his bail imposing that no-investor-contact prohibition. (Dkt. 77 at 1, 6-9). Specifically, on or about August 3, 2018, Sharma, using an account named "@Centra" on an online blog hosting site, published a blog post entitled "Dear Centra Community — Let the Truth be known" making a series of assertions disputing the allegations in the parallel criminal and civil SEC enforcement prosecutions of Sharma for defrauding Centra Tech investors. The post also purported to inform the "Centra Community" — a thinly-veiled euphemism for Centra investors whom Sharma had defrauded — that Centra Tech was rebranding and moving over its alleged technology to a "project called PHANTOM," and indicated that more information would be available on the "Phantom.org" website or from social media pages for the Phantom project. (Id.). On October 29, 2018, the Government filed a motion to revoke Sharma's bail based on evidence collected by the Government showing that Sharma had violated the terms of his bail conditions by communicating with Centra Tech victim investors under the guise of his attempt to rebrand Centra Tech, among other grounds. (Id.). On November 16, 2018, following a contested bail revocation hearing, United States Magistrate Judge Barbara Moses denied the Government's motion insofar as it sought to have Sharma remanded, but Judge Moses modified Sharma's bail conditions to reinstate the prohibition against Sharma's access to the internet or his use or possession of any internet-enabled devices and admonished that Sharma "is reminded that he must have no contact with Centra Tech investors, directly or indirectly." (Dkt. 84).

Against that backdrop, the Government and the Probation Officer supervising Sharma respectfully submit that Sharma cannot be trusted to use the internet from his home while awaiting sentencing in this case. Sharma used laptops and other internet-enabled devices to disseminate fraudulent solicitation materials via the internet that defrauded hundred if not thousands of victims

into investing in Centra Tech's ICO based on lies, and, after Sharma was arrested for orchestrating that fraud and released from custody on his promise to the Court that he would not communicate with those victims, he again abused the internet to do so in breach of the Court's trust and his Court-ordered bail conditions. Further, in light of Sharma's criminal history that includes a perjury conviction for giving false testimony at a criminal trial, his efforts to obstruct the parallel SEC investigation of his fraud on Centra Tech investors by causing false information to be conveyed to the SEC, and the well-documented record of Sharma's lies to the Court in connection with his efforts to obtain bail that were described at length in prior Government submissions in this case, it is hard to see Sharma's latest proffered reason for needing internet access as anything other than a false pretext. In the more than 20 months that Sharma has been subject to home detention and bail conditions barring him from accessing the internet at home, he has never once claimed that he needed internet access to perform freelance work from home. Now, just a few weeks before his sentencing in this case, it is hard to believe that Sharma suddenly "needs" to obtain employment and supposedly can only perform freelance work via the internet from home as he now claims.

Similarly, Sharma's fall-back claims — that he needs internet access to work from home because work outside of his home is allegedly "not feasible for [him]," as he is purportedly "at an increased risk for severe complications if he were exposed to COVID-19" (Dkt. 377) — is equally suspect. According to Sharma's supervising Probation Officer, since the Court's July 24, 2020 order replacing Sharma's home detention bail condition with a curfew at his request, Sharma has on multiple occasions left his Miami residence to visit the beach, restaurants, high-end shopping centers, and to engage in other outdoor activities that would risk exposure to COVID-19. If Sharma was truly as vulnerable to complications from COVID-19 as he now claims, then surely he would not risk his life to frolic outside in Miami, one of the nation's COVID-19 hotspots. In reality, Sharma is a reasonably healthy, 29-year-old, who undoubtedly would venture outside his apartment for work (as he has done for leisure) if he truly needed to earn an income in the remaining weeks before his sentencing. He does not.

Accordingly, the Government and the Probation Officer supervising Sharma respectfully submit that the Court should deny Sharma's application for a bail modification lifting the internet access prohibition that Judge Moses previously imposed as a condition of his bail.

        Respectfully submitted,

        ILAN T. GRAFF
        Attorney for the United States
        Acting Under 28 U.S.C. § 515

by: /s/_____
    Samson Enzer
    Negar Tekeei
    Daniel Loss
    Assistant United States Attorneys
    212-637-2342

cc: All counsel of record
    Lori Morales, Senior U.S. Probation Officer