UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x
:
UNITED STATES OF AMERICA :
:
- v. - :
: STIPULATION AND ORDER
SOHRAB SHARMA, et al. :
: 18 Cr. 340 (LGS)
:
Defendants. :
:
------------------------------ x

   WHEREAS, on or about July 1, 2020, defendant SOHRAB SHARMA ("SHARMA"), was charged in a three-count Superseding Information numbered S3 18 Cr. 340 (LGS) (the "Sharma Information") with conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 371 (Count Two); and conspiracy to commit mail fraud, in violation of Title 18, United States Code, Section 371 (Count Three) (D.E. No. 362);

   WHEREAS, the Sharma Information included a forfeiture allegation with respect to Counts One through Three, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Three of the Sharma Information, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Three of the Sharma Information that SHARMA personally obtained;

   WHEREAS, on or about July 20, 2020, SHARMA pled guilty to Counts One

1

through Three of the Sharma Information, pursuant to a plea agreement with the Government, wherein SHARMA admitted the forfeiture allegations with respect to Counts One through Three and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(a), any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Three of the Sharma Information, including but not limited to: (a) a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Three of the Sharma Information that SHARMA personally obtained; and (b), all right, title and interest of SHARMA in 100,000 Ether units that were seized by the Federal Bureau of Investigation from a digital wallet with the public address "0xda6f983076725cb2899205a16e16dled60a0067a," in 2018 pursuant to judicially authorized seizure warrants (collectively, the "Subject Property");

WHEREAS, on or about June 15, 2020, defendant ROBERT JOSEPH FARKAS ("FARKAS"), a co-defendant of SHARMA, was charged in a two-count Superseding Information numbered S2 18 Cr. 340 (LGS) (the "Farkas Information"), with conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count One); and conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 371 (Count Two) (D.E. No. 349);

WHEREAS, on or about June 16, 2020, FARKAS pled guilty to Counts One and Two of the Farkas Information, pursuant to a plea agreement with the Government, wherein FARKAS agreed to forfeit to the United States, any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in

2

Counts One and Two of the Farkas Information that FARKAS personally obtained;

WHEREAS, as part of FARKAS' plea agreement with the Government, FARKAS represented and agreed that he did not personally obtain and has no right, title or interest in the Subject Property and further agreed to take all necessary steps to pass clear title to any forfeitable property to the Government including but not limited to the Subject Property;

WHEREAS, on or about July 17, 2019, defendant RAYMOND TRAPANI ("TRAPANI"), a co-defendant of SHARMA and FARKAS, was charged in a ten-count Superseding Information numbered S1 18 Cr. 340 (LGS) (the "Trapani Information"), with conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count One); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 77ff, Title 17, Code of Federal Regulations, Section 240.10b-5 and Title 18, United States Code, Section 2 (Count Two); three separate counts of conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Counts Three, Six and Seven); two separate counts of wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Counts Four and Eight); obstruction of justice, in violation of Title 18, United States Code, Section 1512(c) (Count Five); possession of a firearm following a felony conviction, in violation of Title 18, United States Code, Section 922(g)(1) (Count Nine); and narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Ten) (D.E. No. 146);

WHEREAS, on or about July 17, 2019, TRAPANI pled guilty to Counts One through Ten of the Trapani Information, pursuant to a cooperation agreement with the Government, wherein TRAPANI agreed to forfeit to the United States, any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses

charged in Counts One through Four, Counts Six through Eight, and Count Ten of the Trapani Information that TRAPANI personally obtained;

WHEREAS, TRAPANI represents and agrees that he did not personally obtain and has no right, title or interest in the Subject Property and previously agreed as part of his cooperation to take all necessary steps to pass clear title to any forfeitable property to the Government including but not limited to the Subject Property;

WHEREAS, the Government and defendants SHARMA and FARKAS have agreed, with the consent of cooperating defendant TRAPANI, that the Subject Property is to be liquidated or sold and that an interlocutory sale of the Subject Property is appropriate in order to reduce the risk of its devaluation before the conclusion of this matter;

WHEREAS, the Subject Property is currently in the secure custody and control of the United States Marshals Service ("USMS"); and

WHEREAS, the Government and defendants SHARMA and FARKAS further agree, with the consent of cooperating defendant TRAPANI, that the USMS shall be allowed to sell the Subject Property in a commercially feasible manner and in a manner consistent with its legal obligations, with the net proceeds of the sale to be deposited into its Seized Assets Deposit Fund pending further order of this Court, pursuant to Federal Rule of Criminal Procedure 32.2(b)(7);

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between United States of America, by Ilan T. Graff, the Attorney for the United States Acting Under Authority Conferred by 28 U.S.C. § 515, and his of counsel, Assistant United States Attorneys Samson Enzer, Negar Tekeei and Daniel Loss, and by defendants SHARMA and

4

FARKAS, by and with the consent of their respective attorneys, Gennaro Cariglio, Dennis Kelleher and Grant Fondo (for SHARMA), as well as Paul Petruzzi, Sanford Talkin and Brian Klein (for FARKAS), and by cooperating defendant TRAPANI, by and with the consent of his attorneys, Joseph Bondy and Stephanie Schumer, that:

1. The United States is hereby authorized to conduct an interlocutory sale of the Subject Property, pursuant to Federal Rule of Criminal Procedure 32.2(b)(7).

2. In furtherance of the interlocutory sale, all of the parties to this case agree to execute promptly any documents which may be required to convey clear title to the Subject Property and complete the interlocutory sale of the Subject Property.

3. The United States will make all reasonable efforts to sell the Subject Property and will market and sell the Subject Property accordingly.

4. The net proceeds from the sale of the Subject Property will include all moneys realized from the sale of the Subject Property, except for the following: any costs of sale, sales commission, and other costs and expenses incurred by the USMS to effectuate the sale.

5. The net proceeds shall be made payable to the USMS (or its designee) and shall be held by the USMS (or its designee) in the Seized Asset Deposit Fund pending further order of the Court.

6. The net proceeds from the sale will be held by the USMS in its Seized Asset Deposit Fund pending entry of a final order of forfeiture and will serve as a substitute res for the Subject Property (the "Substitute Res") in the above-captioned case, with all claims and defenses applicable to the Subject Property, including any other action that may be brought by the Government for forfeiture of the Subject Property or claims by third parties, to apply instead to

the Substitute Res.

7. Upon entry of any Orders of Forfeiture as to the Subject Property, the substitute res shall be forfeited to the United States and the USMS (or a designee) shall be authorized to deposit the funds representing the substitute res into the Assets Forfeiture Fund.

8. Defendants SHARMA and FARKAS, and cooperating defendant TRAPANI, are hereby barred from asserting any claim against the United States or any of its agents and employees, including the Federal Bureau of Investigation, USMS, Department of Justice, and the United States Attorney's Office for the Southern District of New York, in connection with, or arising out of, the United States' seizure, custody and interlocutory sale of the Subject Property.

9. Each of the parties to this case agrees to bear its costs and attorneys' fees.

10. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this order authorizing the sale of the Subject Property.

11. This Stipulation constitutes the entire agreement between the parties to this case on the matters contained herein, and no other statement, promise or agreement, either written or oral, made by any party or agents of any party, that is not contained in this written agreement shall be enforceable. Any modifications to this agreement shall be in a writing signed by all of the parties.

12. The signature pages of this stipulation may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

Dated: September 24, 2020
New York, New York

SO ORDERED

HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

6

AGREED AND CONSENTED TO:

ILAN T. GRAFF
Attorney for the United States Acting Under 28 U.S.C. § 515
Southern District of New York

By: *Samson Enzer*  9/23/2020
Samson Enzer / Negar Tekeei / Daniel Loss    DATE
Assistant United States Attorneys

DEFENDANT SOHRAB SHARMA

By: _____  9/21/2020
SOHRAB SHARMA    DATE

By: _____  9/23/20
Gennaro Cariglio / Dennis Kelleher / Grant Fondo    DATE
*Attorneys for defendant Sharma*

DEFENDANT ROBERT JOSEPH FARKAS

By: _____  9/22/2020
ROBERT JOSEPH FARKAS    DATE

By: _____  9/22/2020
Paul Petruzzi / Sanford Talkin / Brian Klein    DATE
*Attorneys for defendant Farkas*

DEFENDANT RAYMOND TRAPANI

By: _____  _____
RAYMOND TRAPANI    DATE

By: _____  _____
Joseph Bondy / Stephanie Schuman    DATE
*Attorneys for defendant Trapani*

SO ORDERED:

_____    _____
HONORABLE LORNA G. SCHOFIELD    DATE
UNITED STATES DISTRICT JUDGE

7

AGREED AND CONSENTED TO:

ILAN T. GRAFF
Attorney for the United States Acting Under 28 U.S.C. § 515
Southern District of New York

By: _____          DATE
Samson Enzer / Negar Tekeei / Daniel Loss
Assistant United States Attorneys

DEFENDANT SOHRAB SHARMA

By: _____          9/8/2020
SOHRAB SHARMA                                DATE

By: _____          9/23/20
Gennaro Caniglio / Dennis Kelleher / Grant Fondo   DATE
Attorneys for defendant Sharma

DEFENDANT ROBERT JOSEPH FARKAS

By: _____          9/22/2020
ROBERT JOSEPH FARKAS                         DATE

By: _____          9/22/2020
Paul Petruzzi / Sanford Talkin / Brian Klein   DATE
Attorneys for defendant Farkas

DEFENDANT RAYMOND TRAPANI

By: _____          9/23/2020
RAYMOND TRAPANI                              DATE

By: _____          9/24/2020
Joseph Bondy / Stephanie Schuman             DATE
Attorneys for defendant Trapani

SO ORDERED:

_____               DATE
HONORABLE LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

7