# LEVI&KORSINSKY LLP

> The application is GRANTED.  By **February 23, 2021**, Claimants shall file a reply per the Individual Rules.  Defendant Sharma's sentencing hearing, currently scheduled for February 11, 2021, at 11:00 a.m., is **adjourned** to **March 4, 2021, at 11:00 a.m.**
>
> SO ORDERED
>
> Dated:  February 9, 2021
> New York, New York
>
> LORNA G. SCHOFIELD
> **UNITED STATES DISTRICT JUDGE**

February 8, 2021

**FILED VIA CM/ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    18-cr-340; *USA v. Sharma et. al.*; Request for Leave to File Reply

Dear Judge Schofield:

    We write on behalf of Plaintiff-Claimants Jacob Zowie Thomas Rensel ("Rensel"), Wang Yun He ("Yun He"), Chi Hao Poon ("Hao Poon"), King Fung Poon ("Fung Poon"), Jae J. Lee ("Lee"), Mateusz Ganczarek ("Ganczarek"), and Rodney Warren ("Warren") (collectively, "Plaintiffs" or "Claimants") in the above-captioned matter (the "Action"). Specifically, Claimants write to request leave to file a reply to the Government's Response (ECF No. 445, the "Response") to Claimant's Ancillary Forfeiture Petition and Motion for Restitution (ECF No. 438, the "Petition").

    This Court previously ordered that "no replies shall be filed at this time" (*see* ECF No. 439). However, the Government's Response totals nearly fifty (50) pages, and Claimants contend that it is replete with legal and factual errors that require a detailed reply. The areas of concern include, *inter alia*:

- further explaining why restitution is in no way impractical in this Action. Contrary to the Government's representations, with information now available, restitution is in fact highly practicable – and is mandatory by default under the MVRA (*see* 18 U.S.C. §§ 3663A);

- further explaining why, no matter the representations of the Government, remission is by far the worst method for compensating victims (concerns this Court expressed in its December 25, 2021 hearing);

- to address and correct serious misstatements of the law arising from substantially inaccurate recitations and discussion of numerous cases cited within the Response;

- to address and correct the patently false claims regarding Centra Tech/Defendant Sharma's Ethereum and the identifiability of those assets, in light of the fact that the blockchain would allow specific exchanges of Ethereum and Centra tokens to be specifically identified;

- to clarify that Claimants are not merely "Plaintiffs' Attorney Clients" or "alleged victims" as termed by the Government, but rather are judicially recognized victims in possession of a

LEVI&KORSINSKY LLP

Page 2 of 2
February 8, 2021

final judgment from the Southern District of Florida determining them to be victims of the Centra Tech fraud, which has been domesticated in the Southern District of New York;

- correcting the misrepresentation that the Claimants are general creditors of Centra Tech when, in fact, their investments can be directly and specifically traced through the blockchain to the seized funds and the Centra Tech fraud;

- addressing and correcting the Government's characterizations of Claimants' prior motions for class certification in the Southern District of Florida, including the fact that Claimant's renewed motion for class certification specifically addressed any ascertainability concerns (an issue which is currently on appeal with the 11th Circuit);[1]

- to clarify the clear point of law that the inability to immediately identify *all* victims does not mitigate mandatory restitution under the MVRA for the vast majority of most investors (*see, e.g.*, *United States v. Catoggio*, 326 F.3d 323, 329 (2d Cir. 2003)); and

- addressing the false prospect of the Court being burdened with extended procedures for determining the losses of victims, when doing so is the Government's responsibility rather than the Court's.

Defendant Sharma's sentencing is scheduled for February 11, 2021 (*see* ECF No. 432), and so time is clearly of the essence. Accordingly, Claimants request leave to file a Reply to the Government's Response. *See, e.g., British Airways Plc v. Dover,* No. 17-1121, 2017 U.S. App. LEXIS 10653, at *2 (2d Cir. June 14, 2017) (granting petitioner's motion for leave to file a reply in support of its petition); *see also United States v. Parlato*, No. 15-CR-149(FPG)(JJM), 2017 U.S. Dist. LEXIS 107302, at *13 n.14 (W.D.N.Y. Feb. 13, 2017) ("Granting or denying "[l]eave to file a reply is within the discretion of th[e] Court".) (citation omitted). At the very least, Claimants reiterate their desire for a hearing to adjudicate their interests in the 100,000 ETH, as is their statutory right. *See* 21 U.S.C. § 853(n)(2-6).

Counsel for Claimants are readily available to answer any questions or concerns this Court may have, and Claimants thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ Adam M. Apton*

cc: All Counsel of Record (via CM/ECF)

---

[1] Moreover, the 11th Circuit recently addressed ascertainability in class actions in *Cherry v. Dometic Corp.*, No. 19-13242 (11th Cir. February 2, 2021), finding that holding that administrative feasibility is not a requirement to establish ascertainability of a class. Claimants believe this decision will support them on appeal.