

1101 30th Street NW, Suite 115
Washington, DC 20007
T: 202-524-4290 x1
F: 202-333-2121
www.zlk.com

Adam M. Apton
Aapton@zlk.com

March 2, 2021

**SUBMITTED VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re:  *USA v. Sharma et. al.,* Case No. 1:18-cr-340 (LGS)

Dear Judge Schofield:

  We write on behalf of Plaintiff-Claimants Jacob Zowie Thomas Rensel ("Rensel"), Wang Yun He ("Yun He"), Chi Hao Poon ("Hao Poon"), King Fung Poon ("Fung Poon"), Jae J. Lee ("Lee"), Mateusz Ganczarek ("Ganczarek"), and Rodney Warren ("Warren") (collectively, "Plaintiffs" or "Claimants") in the above-captioned matter (the "Action"). Specifically, Claimants write to respectfully object to and oppose Defendant Sharma's request to file a sur-reply (the "Sur-Reply")[1] in response to the Claimants' Reply (ECF No. 455, the "Reply").

  As an initial matter, the Sur-Reply request is, in and of itself, a Sur-Reply filed without leave of the Court, and merely disguised as a request. Such a filing is procedurally improper and should be stricken. *See* ECF No. 338 (this Court denying the Government's request for leave to file a sur-reply because the Court did not "require further briefing."); *Lytle v. JPMorgan Chase*, 2012 U.S. Dist. LEXIS 15599, at *76 (S.D.N.Y. Feb. 8, 2012) (noting that the Court would not consider a sur-reply disguised and styled as another filing because the filing "function[ed] as an unauthorized sur-reply"); *Ghawi v. Law Offices Howard Lee SChiff, P.C.*, No. 3:13-cv-115 (JBA), 2015 U.S. Dist. LEXIS 144708, at *2-3 n.1 (D. Conn. Oct. 21, 2015) ("When a party files a motion . . . that motion may be accompanied by a memorandum in support. The opposing party may then file an opposition brief, after which the moving party may file a reply brief. That is the end of briefing. A party may not file a sur-reply without explicit permission from the Court.").

  Beyond the procedural infirmity and unfairness of Defendant Sharma's improper filing of a stealth Sur-Reply in the guise of a request, giving Defendant Sharma the opportunity to brief these issues would be neither appropriate nor just. First, none of the points raised in Claimants' Reply were novel – rather, they were in direct response to the Government's massive near-50-page

---

[1]  The Sharma Sur-Reply was submitted to this Court via email on March 1, 2021 at approximately 8:48 p.m.

LEVI&KORSINSKY LLP

Response. Notably, Defendant Sharma does not claim in his Sur-Reply that any of Claimants' arguments in the Reply are new. Accordingly, Defendant Sharma was in full possession of Claimants' position and arguments as of January 19, 2021. If he so wished, Defendant Sharma could have and should have voiced his opposition then. He did not, and so for all intents and purposes waived opposition to the Petition. *See Jackson v. Fed. Express*, 766 F.3d 189, 196 (2d Cir. 2014) ("Where abandonment by a counseled party is not explicit but such an inference may be fairly drawn from the papers and circumstances viewed as a whole, district courts may conclude that abandonment was intended.").

Moreover, and related to the proceeding point, without having challenged Claimants' original petition, it is doubtful that Defendant Sharma even has standing to submit his Sur-Reply. *See Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (deeming argument waived when a party raised it for the first time in a reply brief but failed to raise it in an opening brief); *Van Valkenberg v. Astrue*, No. 1:08-CV-0959 (DNH/VEB), 2010 U.S. Dist. LEXIS 57207, at *54 (N.D.N.Y. May 27, 2010) (an argument not raised in an opening brief is deemed waived).

Now Defendant Sharma, in implicit coordination with or under pressure from the Government, seeks for the first time to challenge the Petition. Indeed, between Defendant Sharma's unauthorized Sur-Reply being filed on the same day as the Government's (ECF No. 458), the implicit threats levied by the Government and Defendant Sharma in the form of protracted litigation, and the Government's continued diminishment of Claimants' position as victims of the Centra Tech fraud, it appears further evident that Claimants' forfeiture Petition has become a case of 'the Government and the Defendant versus the victims.'[2]

In short, Defendant Sharma has had ample opportunity to make his arguments known the Court, as have Claimants. No sur-reply briefing is warranted or appropriate. *See, e.g., Kapiti v. Kelly*, No. 07 Civ. 3782 (RMB) (KNF), 2008 U.S. Dist. LEXIS 20135, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008) ("Allowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs.") (citations omitted); *Bigwood v. United States DOD*, 132 F. Supp. 3d 124, 154 (D.D.C. 2015) ("In general, sur-replies are "disfavored." [] A court should only permit leave to file a sur-reply if the moving party is otherwise unable to address matters raised for the first time in the non-movant's reply brief. []. But the matter covered in the sur-reply "must truly be new." [] "Simply put, a sur-reply is not a vehicle for rehashing arguments that have already been raised and briefed by the parties. Were that not true, briefing would become an endless pursuit.") (citations omitted). Accordingly, Claimants request that the Court deny consideration of Defendant Sharma's procedurally improper Sur-Reply request, strike the Sur-

---

[2]     In the Government's Sur-Reply, the Government repeatedly continues to refer to Claimants as "Plaintiffs' Attorneys" and "alleged victims" as they did in their Response. *See generally,* ECF No. 458. Claimants reiterate that such rhetoric is offensive based on Claimants' clear status as victims of the Centra Tech fraud who have obtained final judgments in the case that they began proceeuting in Florida well before the Government took any steps in this Distict, and equally as offensive to all other victims of the Centra Tech fraud as well.

LEVI&KORSINSKY LLP

Page 3 of 3
March 2, 2021

Reply as improper briefing lodged without leave of the Court, and grant Claimants a hearing to adjudicate their right to their portion of the seized ETH as is their statutory right under the MVRA. Alternatively, if the Court chooses to consider Defendant Sharma's Sur-Reply, Claimants should be permitted leave to address the new arguments raised in Defendant Sharma's Sur-Reply in a response brief.

   Counsel for Claimants are readily available to answer any questions or concerns this Court may have, and Claimants thank the Court for its consideration of this matter.

       Respectfully submitted,

       */s/ Adam M. Apton*

cc: All Counsel of Record (via CM/ECF)