

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building One Saint Andrew's Plaza New York, New York 10007

November 5, 2021

By **November 15, 2021**, Claimants shall file a letter stating how they intend to proceed in this action. The Clerk of Court is respectfully directed to close the motion at Docket No. 541.

SO ORDERED.

Dated: November 8, 2021
       New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

**VIA ECF AND EMAIL**
Honorable Lorna B. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:  *United States* v. *Sohrab Sharma et al.*, 18 Cr. 340 (LGS)

Dear Judge Schofield:

In the interest of avoiding unnecessary motion practice in the pending ancillary forfeiture proceedings, the Government submits this letter to respectfully request that the Court order the Claimants to affirm their intent to pursue the specific and individual relief requested in their March 30, 2021 petition (the "Petition") (Dkt. 482), or else withdraw that Petition before needlessly expending the Court's resources on individual claims that the Claimants, as newly appointed fiduciaries, appear to have no intent or ability to pursue.[1]

Specifically, in a November 4, 2021 submission in the civil class action proceeding pending in the Southern District of Florida (the "Florida Proceeding"), the Claimants stated, with respect to the criminal forfeiture proceedings pending in this Court that they "will not accept any greater portion" of the Ether Sale Proceeds[2] than their *pro rata* share of a recovery by the class they were appointed to represent in the Florida Proceeding (the "Class"). (S.D.F.L. Dkt. 327). However, the only Petition pending before this Court seeks more than $6.2 million of the Ether Sale Proceeds for the Claimants personally, which is substantially more than their *pro rata* share of the $33.4 million total. Consequently, if the Claimants were to prevail in their Petition, it would disproportionately diminish the funds available to compensate other victims, including members of the Class. Indeed, it is essentially for this reason that the Claimants have disavowed any interest in resolving the individual claims set forth in their Petition. *See*, *e.g.*, S.D.F.L. Dkt. 327 (stating that the Claimants will not settle their ancillary petition "in any manner that would tend to disadvantage the Class").

On October 20, 2021, the Government asked the Claimants whether, considering their fiduciary duties to the Class and their recognition that a resolution of their individual claims would not be in Class's best interests, the Claimants now intend to withdraw their Petition. The Claimants

---

[1] Throughout this letter, "Dkt." [Number]" refers to a docket entry in this case; "SDFL Dkt. [Number]" refers to a docket entry in *Rensel et al.* v. *Centra Tech, Inc.*, 17 Civ. 24500 (RNS) (S.D.F.L.).

[2] As used herein, Ether Sale Proceeds has the same definition as set forth in the Consent Order of Forfeiture. (Dkt. 411).

did not respond. On November 2, 2021, the Government raised this question again. In response, Claimants' counsel indicated that they do not intend to withdraw the Petition because they "intend to seek relief on a class-wide basis in the ancillary proceedings before Judge Schofield." This, however, is essentially non-responsive because the only petition presently before the Court is the Petition setting forth personal claims on behalf of the Claimants as individuals.

The Claimants are, of course, free to withdraw their existing Petition and make whatever applications they deem appropriate. However, the Claimants should not waste the Court's time on unnecessary motion practice – and potentially further delay the Government's ability to initiate a remission process for all victims of the defendants' fraud --  if the Claimants no longer intend to pursue the specific and individual relief sought in their Petition.

For the foregoing reasons, the Government respectfully requests that the Court order the Claimants to indicate clearly if they (a) still intend to pursue the individual relief set forth in the Petition, notwithstanding their fiduciary obligations to the Class, or (b) intend to withdraw their individual claims and attempt to assert claims in these proceedings on behalf of the Class.[3]  The Government respectfully requests this clarity in order to avoid unnecessary motions practice that could delay the implementation of a remissions process designed to compensate all eligible victims in this case.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by:   /s/
Negar Tekeei / Daniel Loss
Assistant United States Attorneys
212-637-2482 / -6527

Encl.

cc: All counsel of record (by ECF)

---

[3] The Government intends to oppose any attempt by the Claimants to assert new claims on purported behalf of other parties, including members of the Class, as legally meritless.