# Exhibit A

```
 BRORC  540*23  *              SENTENCE MONITORING          *      09-03-2024
PAGE 001         *              COMPUTATION DATA             *      11:13:23
                                AS OF 09-03-2024


REGNO..: 17398-104 NAME: SHARMA, SOHRAB


FBI NO..........: 442568AH9          DATE OF BIRTH: 04-09-1991  AGE:  33
ARS1............: MON/A-DES
UNIT............: 1 RDAP              QUARTERS.....: B06-019L
DETAINERS.......: NO                 NOTIFICATIONS: NO

FSA ELIGIBILITY STATUS IS: ELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 10-04-2025

FINAL STATUTORY RELEASE FOR INMATE.: 04-04-2027 VIA 3621E COND
           WITH APPLIED FSA CREDITS.: 365  DAYS
THE INMATE IS PROJECTED FOR RELEASE: 04-04-2026 VIA FSRDAP CND


----------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION..........: NEW YORK, SOUTHERN DISTRICT
DOCKET NUMBER..................: 18 CR. 340-01 (LGS)
JUDGE..........................: SCHOFIELD
DATE SENTENCED/PROBATION IMPOSED: 03-04-2021
DATE COMMITTED.................: 08-25-2021
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO


                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $300.00         $00.00          $20,000.00   $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO       AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 ----------------------------
OFFENSE CODE....: 820     COMMUNICATIONS ACT
OFF/CHG: 18 USC 371 CONSPIRACY TO COMMIT SECURITIES FRAUD
         18 USC 371 CONSPIRACY TO COMMIT WIRE FRAUD
         18 USC 371 CONSPIRACY TOCOMMIT MAIL FRAUD

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    8 YEARS
 TERM OF SUPERVISION............:    3 YEARS
 DATE OF OFFENSE................: 04-30-2018




G0002       MORE PAGES TO FOLLOW . . .
```

```
  BRORC  540*23 *              SENTENCE MONITORING         *     09-03-2024
PAGE 002           *              COMPUTATION DATA            *     11:13:23
                                AS OF 09-03-2024


REGNO..: 17398-104 NAME: SHARMA, SOHRAB



------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 06-04-2024 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 09-22-2021 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 08-18-2021
TOTAL TERM IN EFFECT............:    8 YEARS
TOTAL TERM IN EFFECT CONVERTED..:    8 YEARS
EARLIEST DATE OF OFFENSE........: 04-30-2018

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    04-01-2018     06-07-2018


TOTAL PRIOR CREDIT TIME.........: 68
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 432
TOTAL GCT EARNED................: 162
STATUTORY RELEASE DATE PROJECTED: 04-04-2028
ELDERLY OFFENDER TWO THIRDS DATE: 10-11-2026
EXPIRATION FULL TERM DATE.......: 06-10-2029
TIME SERVED.....................:    3 YEARS       2 MONTHS     24 DAYS
PERCENTAGE OF FULL TERM SERVED..:  40.4
PERCENT OF STATUTORY TERM SERVED:  47.4

3621E COMPLETE RESIDENT PROGRAM.: 11-12-2024
3621E COMPLETE COMMUNITY PROGRAM: /
3621E RELEASE DATE..............: 04-04-2027







G0002       MORE PAGES TO FOLLOW . . .
```

```
  BRORC  540*23 *                 SENTENCE MONITORING             *      09-03-2024
PAGE 003 OF 003 *                  COMPUTATION DATA               *      11:13:23
                                  AS OF 09-03-2024


REGNO..: 17398-104 NAME: SHARMA, SOHRAB



PROJECTED SATISFACTION DATE.....: 04-04-2026
PROJECTED SATISFACTION METHOD...: FSRDAP CND
     WITH FSA CREDITS INCLUDED...: 365

REMARKS.......: V/S TO USM 08-18-2021. 7-21-23 41DGCT, ALB/N
                3-27-24 3621(764), N/RAW. 6-4-24 RESTORED 41D GCT, N/DMR.
```



```
S0055       NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

# Exhibit B

LAW OFFICES

# GENNARO CARIGLIO JR. P.L.

PENTHOUSE 701

THE BANK BUILDING

801 BISCAYNE BLVD.

MIAMI, FLORIDA  33138

Gennaro Cariglio Jr., Esq.
Brendan Collins, Esq.

TELEPHONE (305) 899-0438
TELECOPIER (305) 373-3832

May 10, 2022

Warden
FCI Coleman
FEDERAL CORRECTION INSTITUTION
845 Coleman Drive, Wildwood, FL 34785
COA-ExecAssistant@bop.gov
Via email and mail

RE:    Sohrab Sharma, 17398-104
       Request for Home Confinement for COVID-19 Pandemic
       and/or Compassionate Release Petition

Dear Warden:

I represent Sohrab Sharma.  Mr. Sharma is an inmate at your institution.  I am writing to request that you, as Warden, approve a request to be transferred to home confinement for Mr. Sharma in accordance with the May 8, 2020 Memorandum from Andre Matevousian and Hugh Hurwitz, and the March 26, 2020 Memorandum from Attorney General Barr to the Director of the Bureau of Prisons, based on the extraordinary circumstances presented by the coronavirus pandemic crisis.  Indeed, if Mr. Sharma were to contract the virus, given his pre-existing medical conditions, he would be at a high risk of suffering life-threatening complications from the disease.  Alternatively, I request that you, as Warden, approve a motion pursuant to 18 U.S.C. § 3582(c)(1)(A), for a Compassionate Release, Reduction in Sentence per program statement 5050.50, for Mr. Sharma, based on the extraordinary circumstances presented by the coronavirus pandemic crisis.

## I. REQUEST FOR HOME CONFINEMENT

On March 27, 2020, in response to the COVID-19 pandemic crises, President Donald J. Trump signed the CARES Act, which, among other things, gives the Bureau of Prisons Director the discretion to "lengthen the maximum amount of time a prisoner spends in home confinement." Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), P.L. 116-136, § 12003(b)(2) (Mar. 27, 2020). On March 26, 2020 and April 3, 2020, the Attorney General issued memoranda directing the Bureau of Prisons to prioritize the use of home confinement and, in light of the CARES Act's provisions pertaining to home confinement, to immediately review all inmates who have COVID-19 risk factors at institutions where COVID-19 is materially affecting operations.[1]

On May 8, 2020 Acting Assistant Director Andre Matevousian and Assistant Director Hugh J. Hurwitz issued a memorandum requiring all of the Chief Executive Officers to assess the following factors in determining whether an inmate is suitable for home confinement. Finally, in April, 2021 David Brewer, Administrator, Correctional Programs Branch, issued guidance expanding home confinement to Low or Minimum Security inmates. Mr. Sharma meets the requirements in the memoranda and should be released.

## Citizenship Requirement

To be eligible for Home Confinement under the CARES Act and the Attorney General guidelines, the applicant must be a United States Citizen. Mr. Sharma is a United States citizen.

## Risk Factor Requirement

To be eligible for Home Confinement under the CARES Act and the Attorney General guidelines, the applicant must meet the COVID-19 risk factors identified by the Center for Disease Control and Preventions ("CDC.")[2]

---

[1] *See* Memorandum for Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), *available at* https://www.justic.gov/file/1266661/download; Memorandum for Director of Bureau of Prisons, Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic (Mar. 26, 2020), *available at* https://www.justice.gov/file/1262731/download.

[2] "According to the CDC risk factors include: Advanced age, long-standing systemic health and social inequities, cancer, chronic kidney disease, **chronic lung disease**, dementia and other neurological conditions, diabetes (type 1 or 2,) down syndrome, **heart conditions**, HIV infection, immunocompromised state, liver disease, overweight and obesity, pregnancy, sickle cell disease, smoking, solid organ or blood stem cell transplant, stroke or cerebrovascular disease, and substance abuse disorder." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions html

Mr. Sharma is a 31-year-old male with a past and current medical history for moderate asthma, obesity, diabetes, and high cholesterol[3]. Mr. Sharma's ailments put him at an elevated risk for an adverse reaction if infected with COVID-19. *Supra* note 2.

Mr. Sharma's risk is compounded by the fact that he suffers from elevated fat levels in his blood, as his latest lab results indicate he has a 193 LDL cholesterol level [4]. Notably, the CDC lists moderate asthma, high cholesterol, diabetes, and heart disease as risk factors for a severe adverse reaction if infected with COVID-19. *Supra* note 2. Mr. Sharma has not been offered low fat meals at Coleman. If Mr. Sharma were to be released he would be able to maintain a healthy diet, which would help his cholesterol and his borderline diabetes.

In fact, Mr. Sharma has an extensive family history of cardiac issues. Mr. Sharma's father underwent triple bypass heart surgery at the age of 62 and his grandfather unfortunately passed away after his heart failed. Undisputedly, the scientific community overwhelmingly agrees that genetic mutations can affect the structure of the heart muscle and have the potential to result in symptoms of heart failure[5]. Because Mr. Sharma has an extensive family history of heart issues and because COVID-19 adversely impacts those who suffer from cardiac issues, it should be determined that Mr. Sharma is at an elevated risk for a poor outcome in an instance of viral infection.

As it pertains to his moderate asthma, Mr. Sharma has been prescribed two separate inhalers, Albuterol and Mometasone Furoate (a corticosteroid) and suffers from heavy breathing and dyspnea[6]. Heavy breathing and dyspnea are a hallmark of COVID-19 and the chief indicator in pinpointing the onset of COVID-19 infection[7]. However, because Ms. Sharma suffers from chronic dyspnea, early detection of COVID-19 is nearly impossible for him, meaning that likelihood of a serious case of the virus is elevated. Additionally, Mr. Sharma has a history of smoking (Severe Cannabis Use Disorder) which further decreases his lung function. See Attached BOP Medical Records.

---

[3] Current Health Issues Attachment
[4] *Id.*
[5] https://www.uhhospitals.org/Healthy-at-UH/articles/2020/02/how-your-genes-can-influence-your-heart-health
[6] BOP Medical Records
[7] https://www.medpagetoday.com/infectiousdisease/covid19/86002

Lastly, Mr. Sharma is a borderline diabetic. This designation means that Mr. Sharma's risk of having serious complications from COVID-19 are compounded. Mr. Sharma's risk of getting seriously ill for COVID-19 is multiplied by his cardiac and lung issues—leading medical experts across the world to conclude that someone similarly situated to Mr. Sharma would have a hard time fighting the infection[8].

Mr. Sharma has taken steps to protect himself as he received the Johnson & Johnson COVID-19 vaccine, but the scientific data demonstrates that the vaccine is less effective for individuals like Mr. Sharma with pre-existing conditions. Thus, Mr. Sharma should be granted release in accordance with the CARES Act.

### Non-Violent, Non-Sex Offender, Non-Terrorist Requirement

To be eligible for Home Confinement under the CARES Act and the Attorney General guidelines, the applicant's primary offense must not be a violent, terrorism, or sex offense. Sam Sharma was convicted of conspiracy to commit securities fraud, wire fraud, and mail fraud pursuant to 18 U.S.C. § 371[9]. These crimes for which Mr. Sharma were convicted of were not violent, sexual, or terrorist related.

Accordingly, Mr. Sharma satisfies the non-violent, non-sex offender, non-terrorist crime mandate as provided by the CARES Act.

### No Detainer Requirement

To be eligible for Home Confinement under the CARES Act and the Attorney General guidelines, the applicant must not have a detainer. Mr. Sharma does not have a current detainer.

### "PATTERN" Level Requirement

To be eligible for Home Confinement under the CARES Act and the Attorney General guidelines, the applicant must have a minimum or low PATTERN score. He is a minimum security level inmate and does not have a history of violence or insubordination. His current PATTERN level indicates he has a General Score of "27" and a Violent Score of "14[10] which is low. Thus, Mr. Sharma satisfies the

---

[8] https://www.diabetes.org/coronavirus-covid-19/how-coronavirus-impacts-people-with-diabetes

[9] https://www.justice.gov/usao-sdny/pr/leading-co-founder-cryptocurrency-company-sentenced-8-years-prison-ico-fraud-scheme

[10] PATTERN Worksheet

PATTERN Level requirement and ought to have release priority pursuant to the CARES Act.

## Low or Minimum Security Level Requirement

To be eligible for Home Confinement under the CARES Act and the Attorney General guidelines, the applicant must be held in either low or minimum level detention. As a minimum security inmate, Mr. Sharma is currently housed at FCI Camp Coleman, a minimum level facility. Thus, Mr. Sharma should be given priority for release and eligible for home confinement.

## Time Served Requirement

Home Confinement is prioritized for inmates who have served 50% or more of their sentence. **However, if the Warden determines there is a need to refer an inmate for placement in the community due to COVID-19 risk factors— who is otherwise outside the criteria enumerated by the former Attorney General's March 26, 2020, and April 3, 2020, Memorandums—then the Warden may forward the home confinement referral to the Correctional Programs Division for further review**[8].

To date, Mr. Sharma has served over 10.7% of his full sentence, over 12.6% of his statutory term served, and over 37.3% of his full sentence if credited with the 776 days of home confinement he served while on release prior to entering FCI Coleman. According to Bop.gov, Mr. Sharma is scheduled to be released on April 4th, 2028, although it is likely he will be released thirty months to three years prior to that date to an RRC, due to the length of his sentence and his eligibility for First Step Act pre-release credits of up to one year in addition to a one year reduction for completing the RDAP Program. Because Mr. Sharma is an otherwise viable candidate under the CARES Act, we respectfully request you refer Mr. Sharma for placement in the community due to his documented COVID-19 risk factors and forward a Home Confinement referral to the Correctional Program Division in Central Office for further review.

## Incident Report Requirement

To be eligible for Home Confinement under the CARES Act and the Attorney General guidelines, the applicant must not have been subject to an incident report within the last 12 months. Mr. Sharma has not been subject to an incident report within the last 12 months.

**Other Factors**

Mr. Sharma currently is working for Unicor (Grade 1) with an acceleration memorandum. Mr. Sharma has paid the $300.00 in special assessments and the $20,000.00 fine in full. Additionally, Mr. Sharma has completed three educational courses as documented on his Individualized Needs Plan.

**Release Plan Requirement**

To be eligible for Home Confinement under the CARES Act and the Attorney General guidelines, the applicant must have a viable release plan, meaning a concrete course of action pertaining to residence, employment, medical/treatment needs, etc.

Upon release from Coleman Federal Prison Camp, Mr. Sharma will be picked up and transported home by his fiancé, Brielle Farkas. Mr. Sharma intends to reside with Ms. Farkas at 11731 Bella Milano Ct. Windermere, Florida 34786. Brielle Farkas' phone number is (732) 850-0159. Mr. Sharma is financially stable, and will have the emotional support of his fiancé, his in-laws to be, his own parents, and that of his extended family and community. Once he is released, Mr. Sharma will continue to work as a software engineer. These resources will allow Mr. Sharma a seamless re-entry into society with the ability to provide for his own medical insurance to treat his current medical conditions. At Coleman, Mr. Sharma will not be able to socially distances as the facility has been in either Code Yellow or Code Red for nearly all of the time he has been incarcerated. Currently, the facility is in Code Red.

**CONCLUSION**

Mr. Sharma qualifies for a release to home confinement pursuant to Attorney General Barr's memorandum due to her pre-existing medical conditions considering the ongoing coronavirus pandemic. Given that Mr. Sharma's co-morbidities and family history put him at high risk of serious illness from COVID-19 if he remains detained, the fact that the BOP has limited healthcare resources, is already battling to contain the spread of the virus at FCI Coleman, and the fact that Mr. Sharma is a non-violent offender, Mr. Sharma should be granted a release to home confinement based on Attorney General Barr's March 26, 2020 memorandum and the follow up memoranda from BOP. We are requesting you review his case under the criteria for this program. I realize this pandemic is the challenge of a career for you and your staff and is certainly stressful and scary for both the staff and the inmates. I

appreciate the time and attention you are going to give to Mr. Sharma's case, and I trust you will use your broad discretion wisely in the best interests of Mr. Sharma and the staff at FCI Coleman.

## II. **REQUEST FOR COMPASSIONATE RELEASE**

On April 15, 2016, the United States Sentencing Commission voted unanimously to amend the federal sentencing guidelines by making significant changes pertaining to Compassionate Release. This amendment is a result of the Commission's review of the policy statement pertaining to "compassionate release" at § 1B1.13 (Reduction in Term of Imprisonment as a Result of Motion by Director of Bureau of Prisons). The amendment broadens certain eligibility criteria and encourages the Director of the Bureau of Prisons to file a motion for compassionate release when "extraordinary and compelling reasons" exist. Pursuant to 18 U.S.C. § 3582(c)(1)(A), a sentencing court, on motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment of an inmate sentenced pursuant to the Comprehensive Crime Control Act of 1984.

Moreover, as part of the First Step Act enacted on December 21, 2018, Congress amended 18 U.S.C. § 3582(c)(1)(A)(i) to provide the Sentencing Judge jurisdiction to consider a defense motion for reduction of sentence under the subsection when "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." First Step Act of 2018 at 119.

Mr. Sharma is serving a sentence for a non-violent property offense and his circumstances meet the criteria set forth in Program Statement 5050.50, dated January 17, 2019, as well as U.S.S.G. § 1B1.13 for reducing the term of his sentence to time served. There is no doubt that Mr. Sharma's medical conditions coupled with the COVID-19 crises, rise to the level of extraordinary and compelling.

U.S.S.G., Section 1B1.13 governs the reduction permitted under 18 U.S.C. § 3582(c)(1)(A). It states that a reduction for a term of imprisonment can be ordered if a court determines that:

I.    Extraordinary and compelling reasons warrant the reduction; or

II.   The defendant is at least 70 years old; has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. Section 3559(c) for the offense or offenses for which the defendant is imprisoned; and a determination

has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C., Section 3142(g);

III.     And that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In the Application Notes, the medical condition, age of the defendant, and family circumstances are described as justifying "compassionate release". In addition, Application Note 2 defines "foreseeability of extraordinary and compelling reasons" as justifying early release of a defendant. The emergency caused by the COVID-19 pandemic currently afflicting the entire country was just the type of unforeseen circumstance that warrants action in this case. There is no doubt that keeping Mr. Sharma incarcerated would increase the risk of him contracting COVID-19. Mr. Sharma's pre-existing medical conditions would increase the likelihood of a severe infection or death were he to contract COVID-19.

## EXTRAORDINARY AND COMPELLING CIRCUMSTANCES EXIST

As mentioned *supra,* Mr. Sharma is a 31-year-old male with a past and current medical history for asthma, obesity, diabetes, and high cholesterol[11]. Considering the foregoing requirements of 18 U.S.C. § 3582(c)(1)(A) and 28 C.F.R. § 571.61(a)(1), compassionate release is warranted for Mr. Sharma.

Prisons are ill-equipped to prevent the spread of COVID-19. Public health experts who recommend containing the virus through measures such as social distancing, frequently disinfecting shared surfaces, frequently washing hands or using hand sanitizer recognize that these precautions are virtually impossible to implement in a prison setting. Joseph J. Amon, an infectious disease epidemiologist and Director of Global Health and Clinical Professor in the Department of Community Health and Prevention at the Drexel Dornsife School of Public Health, has studied infectious diseases in detention settings and states:

Detention facilities have even greater risk of infectious spread because of the conditions of crowding, the proportion of vulnerable people detained, and other scant medical care. People live in close quarters and are also subject to security measures which prohibit successful 'social distancing' that is needed to effectively prevent the spread of COVID-19. Toilets, sinks, and showers are shared, without

---

[11] Current Health Issues Attachment

disinfection between use. Food preparation and food service is communal, with little opportunity for surface disinfection. The crowded conditions, in both sleeping areas and social areas, and the shared objects (bathrooms, sinks, etc.) will facilitate transmission. Some jails and prisons have already become COVID-19 hot spots. For instance, the infection rate in New York City jails is far outpacing the infection rate in the City as a whole. FCI-Oakdale, a BOP facility in Louisiana, recently "exploded with coronavirus" cases, leading to the death of several inmates and positive tests for many.[12]

Furthermore, Mr. Sharma is currently serving a sentence for a non-violent offense in which there is no restitution and where the vast majority of the forfeiture money judgment has been satisfied and if he were to be released will be paid off in its' entirety due to his skills as a software engineer. Additionally, since Mr. Sharma has served more time in custody than both of his co-defendants and has been effectively under home confinement and/or detention since 2018, compassionate release is warranted.

## **PROPOSED RELEASE PLAN**

As mentioned *supra*, Mr. Sharma has a proposed release plan that meets or exceeds BOP's requirements.

## **CONCLUSION**

Mr. Sharma qualifies for Compassionate Release due to his medical conditions considering the ongoing coronavirus pandemic. We urge you to review Mr. Sharma's medical records. Given that Mr. Sharma's medical conditions put him at high risk of serious illness from COVID-19 if he remains detained, the fact that the BOP has limited healthcare resources and is already battling to contain the spread of the virus and the circumstances of the offense, Mr. Sharma should be granted Compassionate Release.

Please inform undersigned of any decision rendered in this matter by contacting undersigned by telephone at (305) 899-0438 or via e-mail at Sobeachlaw@aol.com. Thank you for your consideration.

---

[12] *See* Declaration of Joseph J. Amon, Ph.D. MSPH (March 29, 2020), *available at*
https://www.aclupa.org/sites/default/files/field_documents/dr._amon_declaration_march_30_2020.pdf.

Sincerely,

s/Gennaro Cariglio Jr.
Gennaro Cariglio Jr., Esq.
Attorney for Sohrab Sharma

* Written authorization from the inmate and others (as needed) for the BOP to obtain any information or documents from any individual, medical entity or doctor, or any government agency about the inmate, the spouse or registered partner, or other family members will be provided upon request.

MOST RECENT

## FSA Recidivism Risk Assessment (PATTERN 01.02.01)

Register Number:17398-104, Last Name:SHARMA

U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISON

Register Number: 17398-104

Inmate Name

  Last.........: SHARMA

  First........: SOHRAB

  Middle.......:

  Suffix.......:

Gender.........: MALE

Risk Level Inmate....: R-LW

  General Level......: R-LW (27)

  Violent Level......: R-LW (14)

Security Level Inmate: MINIMUM

Security Level Facl..: MINIMUM

Responsible Facility.: COL

Start Incarceration..: 08/18/2021

### PATTERN Worksheet Summary

| Item | - Value | - General Score | - Violent Score |
|---|---|---|---|
| Current Age | 30 | 21 | 12 |
| Walsh w/Conviction | FALSE | 0 | 0 |
| Violent Offense (PATTERN) | FALSE | 0 | 0 |
| Criminal History Points | 6 | 16 | 8 |
| History of Escapes | 0 | 0 | 0 |
| History of Violence | 0 | 0 | 0 |
| Education Score | HighSchoolDegreeOrGED | -4 | -2 |
| Drug Program Status | NoDAPCompletion | 0 | 0 |
| All Incident Reports (120 Months) | 0 | 0 | 0 |
| Serious Incident Reports (120 Months) | 0 | 0 | 0 |
| Time Since Last Incident Report | N/A | 0 | 0 |
| Time Since Last Serious Incident Report | N/A | 0 | 0 |
| FRP Refuse | FALSE | 0 | 0 |
| Programs Completed | 2 | -4 | -2 |
| Work Programs | 2 | -2 | -2 |
| | | Total 27 | 14 |

```
   COLEM  540*23 *              SENTENCE MONITORING            *       03-16-2022
PAGE 002 OF 002 *              COMPUTATION DATA               *       11:28:23
                               AS OF 03-16-2022
```

REGNO..: 17398-104 NAME: SHARMA, SOHRAB


-------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 09-22-2021 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 09-22-2021 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 08-18-2021
TOTAL TERM IN EFFECT............:    8 YEARS
TOTAL TERM IN EFFECT CONVERTED..:    8 YEARS
EARLIEST DATE OF OFFENSE........: 04-30-2018

JAIL CREDIT.....................:  FROM DATE       THRU DATE
                                   04-01-2018      06-07-2018

TOTAL PRIOR CREDIT TIME.........: 68
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 432
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 04-04-2028
ELDERLY OFFENDER TWO THIRDS DATE: 10-11-2026
EXPIRATION FULL TERM DATE.......: 06-10-2029
TIME SERVED.....................:    9 MONTHS      6 DAYS
PERCENTAGE OF FULL TERM SERVED..:    9.5
PERCENT OF STATUTORY TERM SERVED: 11.2

PROJECTED SATISFACTION DATE.....: 04-04-2028
PROJECTED SATISFACTION METHOD...: GCT REL
```

REMARKS.......: V/S TO USM 08-18-2021




S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

```
    COLEM   540*23 *              SENTENCE MONITORING            *      03-16-2022
PAGE 001         *              COMPUTATION DATA             *      11:28:23
                               AS OF 03-16-2022
```

REGNO..: 17398-104 NAME: SHARMA, SOHRAB

```
FBI NO...........: 442568AH9            DATE OF BIRTH: 04-09-1991  AGE:  30
ARS1.............: COL/A-DES
UNIT.............: F 4                  QUARTERS.....: F12-355L
DETAINERS........: NO                   NOTIFICATIONS: NO
```

FSA ELIGIBILITY STATUS IS: ELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 10-04-2027

THE INMATE IS PROJECTED FOR RELEASE: 04-04-2028 VIA GCT REL


----------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

```
COURT OF JURISDICTION...........: NEW YORK, SOUTHERN DISTRICT
DOCKET NUMBER...................: 18 CR. 340-01 (LGS)
JUDGE...........................: SCHOFIELD
DATE SENTENCED/PROBATION IMPOSED: 03-04-2021
DATE COMMITTED..................: 08-25-2021
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                  FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.:  $300.00        $00.00         $20,000.00    $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00
```

------------------------CURRENT OBLIGATION NO: 010 ----------------------------
```
OFFENSE CODE....:  820    COMMUNICATIONS ACT
OFF/CHG: 18 USC 371 CONSPIRACY TO COMMIT SECURITIES FRAUD
         18 USC 371 CONSPIRACY TO COMMIT WIRE FRAUD
         18 USC 371 CONSPIRACY TOCOMMIT MAIL FRAUD

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    8 YEARS
 TERM OF SUPERVISION............:    3 YEARS
 DATE OF OFFENSE................: 04-30-2018
```


G0002       MORE PAGES TO FOLLOW . . .

# Certificate of Completion

*awarded to:*

## Sohrab Sharma

*for completing all the requirements of*

**National Parenting Program, Phase One & Two**

**FCC Coleman CAMP, Florida**

Completed on March 08, 2022.

*"It always seems impossible until it's done"*

Nelson Mandela

A. Bernard, Special Population Program Program Coordinator



Federal Bureau of Prisons

FCC Coleman

Certificate of Completion

Awarded to

**Sohrab Sharma**

17398-104

For completing all the requirements of the

Non-Residential Drug Abuse Program

Federal Correctional Complex-Low, Coleman, FL

Psychology Department

April 12, 2022

T. Cruz, D.T.S



U.S. Department of Justice
Federal Bureau of Prisons
Federal Correctional Complex-Camp
P.O. Box 1021
Coleman, Florida  33521-1021

May 21, 2022

Name:              Sharma, Sohrab
Register Number:   17398-104
Housing Unit:      F-3

RE:  Request for Compassionate Release/Reduction in Sentence

This is in response to a request for Compassionate Release
received from your attorney on May 11, 2022, at the Federal
Correctional Complex, Low/Satellite Camp, Coleman, Florida,
requesting you to be considered for a Compassionate
Release/Reduction in Sentence based on Extraordinary and
Compelling Circumstances. Specifically, the request states you
are at increased risk if you contract COVID-19 due to medical
conditions.

In accordance with Program Statement 5050.50, Compassionate
Release/Reduction in Sentence: Procedures for Implementation of
18 U.S.C. §§ 3582 and 4205(g), requests for a Compassionate
Release/Reduction in Sentence may be submitted based on one of
five criteria:

1)   Initiation of Request - Extraordinary or Compelling
     Circumstance;

2)   Requests Based on Medical Circumstances of either a
     Terminal Medical Condition or a Debilitated Medical
     Condition;

3)   Requests Based on Non-Medical Circumstances - Elderly
     Inmates;

4)   Requests Based on Non-Medical Circumstances - Death or
     Incapacitation of the Family Member Caregiver; and

5)   Requests Based on Non-Medical Circumstances -
     Incapacitation of a Spouse or Registered Partner.

Copy to inmate
5/23/22

17398-104
Request for Compassionate Release
Page 2

The BOP will continue our efforts of maintaining order and
controlling our facilities, keeping our staff and inmates safe,
mitigating the spread of the virus, and protecting the inmates
entrusted to our care. You have not contracted COVID-19 while in
BOP custody and are vaccinated.  Challenges to an inmate's
sentence length directly related to their conviction are not
considered extraordinary or compelling circumstances by the
Bureau of Prisons. These challenges should be addressed by the
inmate either filing a direct appeal or a habeas corpus action.
In addition, the BOP is taking extraordinary measures to contain
the spread of COVID-19 and treat any affected inmates. We
recognize that you, like all of us, have legitimate concerns and
fears about the spread and effects of the virus.  However, your
concern about being exposed to, or contracting COVID-19 does not
currently warrant an early release from your sentence.  Your
condition is stable, you are not terminally ill, and your life
expectancy is normal for your age.  You are not completely
disabled or totally confined to a bed or chair.  You are able to
independently attend to your activities of daily living and your
medical condition does not affect your ability to function in a
correctional setting.

Based upon all the information gathered, you have not met the
requirements outlined in the first stage of the Warden's review.

Therefore, your request for consideration for a Compassionate
Release/Reduction in Sentence is denied.  In the event you are
dissatisfied with this response, you may appeal through the
Administrative Remedy process at the institution level.


J. Gunther, Warden                    5/05/22
                                      Date

# Exhibit C



U.S. Department of Justice
Federal Bureau of Prisons
Federal Correctional Complex-Camp
P.O. Box 1021
Coleman, Florida  33521-1021

May 21, 2022

Name:               Sharma, Sohrab
Register Number:    17398-104
Housing Unit:       F-3

RE:  Request for Compassionate Release/Reduction in Sentence

This is in response to a request for Compassionate Release
received from your attorney on May 11, 2022, at the Federal
Correctional Complex, Low/Satellite Camp, Coleman, Florida,
requesting you to be considered for a Compassionate
Release/Reduction in Sentence based on Extraordinary and
Compelling Circumstances. Specifically, the request states you
are at increased risk if you contract COVID-19 due to medical
conditions.

In accordance with Program Statement 5050.50, Compassionate
Release/Reduction in Sentence: Procedures for Implementation of
18 U.S.C. §§ 3582 and 4205(g), requests for a Compassionate
Release/Reduction in Sentence may be submitted based on one of
five criteria:

1)    Initiation of Request - Extraordinary or Compelling
      Circumstance;

2)    Requests Based on Medical Circumstances of either a
      Terminal Medical Condition or a Debilitated Medical
      Condition;

3)    Requests Based on Non-Medical Circumstances - Elderly
      Inmates;

4)    Requests Based on Non-Medical Circumstances - Death or
      Incapacitation of the Family Member Caregiver; and

5)    Requests Based on Non-Medical Circumstances -
      Incapacitation of a Spouse or Registered Partner.

Copy to inmate
5/23/22

17398-104
Request for Compassionate Release
Page 2

The BOP will continue our efforts of maintaining order and
controlling our facilities, keeping our staff and inmates safe,
mitigating the spread of the virus, and protecting the inmates
entrusted to our care. You have not contracted COVID-19 while in
BOP custody and are vaccinated.  Challenges to an inmate's
sentence length directly related to their conviction are not
considered extraordinary or compelling circumstances by the
Bureau of Prisons. These challenges should be addressed by the
inmate either filing a direct appeal or a habeas corpus action.
In addition, the BOP is taking extraordinary measures to contain
the spread of COVID-19 and treat any affected inmates. We
recognize that you, like all of us, have legitimate concerns and
fears about the spread and effects of the virus.  However, your
concern about being exposed to, or contracting COVID-19 does not
currently warrant an early release from your sentence.  Your
condition is stable, you are not terminally ill, and your life
expectancy is normal for your age.  You are not completely
disabled or totally confined to a bed or chair.  You are able to
independently attend to your activities of daily living and your
medical condition does not affect your ability to function in a
correctional setting.

Based upon all the information gathered, you have not met the
requirements outlined in the first stage of the Warden's review.

Therefore, your request for consideration for a Compassionate
Release/Reduction in Sentence is denied.  In the event you are
dissatisfied with this response, you may appeal through the
Administrative Remedy process at the institution level.

J. Gunther, Warden                         5/25/22
                                           Date

# Exhibit D

[Filed under seal]