UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                                                            :  18 Crim. 340 (LGS)
            -against-                                       :
                                                            :  **OPINION AND ORDER**
SOHRAB SHARMA, et al.,                                      :
                                         Defendants.        :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

Defendant Sohrab Sharma moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons below, the motion is denied.

## I.  BACKGROUND

On July 17, 2020, Defendant pleaded guilty to conspiracy to commit securities fraud, conspiracy to commit wire fraud and conspiracy to commit mail fraud, related to Centra Tech, a company that Defendant founded. Defendant was sentenced principally to eight years' imprisonment, significantly below the sentence of fourteen to fifteen years recommended by the Federal Sentencing Guidelines (the "Guidelines"). He is scheduled to be released on April 4, 2026, before any adjustments for First Step Act prelease credits or for completing the RDAP program.

Defendant was the leader of the Centra Tech fraud. Beginning in 2017, Defendant founded Centra Tech and, with his co-defendants, solicited investments for Centra Tech's initial coin offering. In doing so, Defendant and his co-conspirators claimed that Centra Tech was led by two fictitious people with impressive credentials and had partnerships with companies like Bancorp, Visa and Mastercard. The fraud involved obtaining victims' digital funds at times worth more than $60 million. Defendant personally obtained proceeds of approximately $36 million.

## II. STANDARD

Defendant moves for a reduction of his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act of 2018. "Section 3582(c)(1) permits a district court to reduce a term of imprisonment if after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, it finds that extraordinary and compelling reasons warrant such a reduction." *United States v. Fernandez*, 104 F.4th 420, 426 (2d Cir. 2024).[1] "The burden of showing that the circumstances warrant a sentence reduction is on the defendant." *Id.* at 427.

> Section 3553(a) lists numerous factors a court must review, including, in relevant part:
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed[] . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct; . . . [and] to protect the public from further crimes of the defendant;
> . . .
> (4) the kinds of sentence and the sentencing range established for [the defendant] . . . as set forth in the Guidelines . . . ;
> . . .
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

If "a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not also determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." *United States v. Keitt*, 21 F.4th 67, 69 (2d Cir. 2021).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

A district court "may consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them," *Fernandez*, 104 F.4th at 427, and has "discretion in determining what are extraordinary circumstances." *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020). The Guidelines list circumstances that are extraordinary and compelling, including (1) serious "medical circumstances" including "terminal illness," (2) advanced age of at least sixty-five years old, with serious health deterioration, and having served at least ten years or seventy-five percent of a sentence, (3) difficult "family circumstances" including "[t]he death or incapacitation of" certain close family members, (4) being a victim of sexual or serious physical abuse while incarcerated, (5) other reasons similar in gravity and (6) unusually long sentences and a change in the law would produce a gross disparity between the sentence being served and one likely to be imposed now. U.S.S.G. § 1B1.13(b)(1)-(6). As relevant here, the Guidelines also clarify that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

### III.   DISCUSSION

The parties do not dispute that Defendant has exhausted his administrative remedies as required. Defendant argues that extraordinary and compelling circumstances exist to justify, and the § 3553(a) factors support, a reduction in his sentence by one year. For the following reasons, Defendant's motion is denied.

#### A.   Section 3553(a) Factors

Defendant argues that (1) he is not a danger to the public and his offense was non-violent, (2) a reduced sentence would sufficiently reflect the seriousness of Defendant's offense, (3) a reduction would not create sentencing disparities with similarly situated defendants and (4) upon release, he will receive familial support and is unlikely to recidivate. In light of the applicable

3

§ 3553(a) factors, these arguments do not support sentence reduction.

*Nature and Circumstances of the Offense and Defendant's History*.  Defendant has a history of fraudulent behavior.  The conviction offense was his fourth fraudulent scheme in six years.  Before founding Centra Tech, Defendant engaged in three fraudulent schemes, each one escalating in severity -- his fraudulent impersonation of an elderly victim to obtain loan proceeds, his fraudulent "ghost loan" scheme, and a fraudulent exotic car rental loan scheme.  He also committed perjury.  Between 2017 and 2018, Defendant led the Centra Tech fraud and personally obtained proceeds of $36 million.  When the Securities and Exchange Commission (the "SEC") and later law enforcement investigated Centra Tech, Defendant obstructed their efforts by causing Centra Tech to make misrepresentations to the SEC and refusing to provide the passcode needed to access the funds in the digital wallet pursuant to a seizure warrant.

While Defendant's strong release plan -- to live and start a family with his fiancée of three years, who is a model citizen and has been working as a professional -- reduces the likelihood of recidivism, the nature and circumstances of the offense and Defendant's personal history do not support a sentence reduction.

*The Seriousness of the Offense*.  Defendant pleaded guilty to three counts, one count each of conspiracy to commit securities fraud, wire fraud and mail fraud.  His offense level was thirty-three, and the Guidelines' recommendation was a sentence between 168 and 180 months (fourteen and fifteen years).  Defendant was sentenced to eight years, significantly below the Guidelines' recommendation.  A one-year reduction from this already shortened sentence would not adequately "reflect the seriousness of the offense, . . . promote respect for the law, . . . provide just punishment for the offense . . . [or] afford adequate deterrence to criminal conduct." § 3553(a)(2)(A)-(B).  Defendant's argument that his crime is not violent misses the point because

fraudulent crimes can still pose "a danger to the community." *United States v. Clott*, No. 09 Crim. 338, 2022 WL 2354523, at *3 (S.D.N.Y. June 30, 2022) (denying the motion to reduce sentence of a defendant with an offense level of thirty-three and a sentence of 259 months because his past behavior of fraud suggests danger to community). Here Defendant duped investors into pouring tens of millions of dollars into his company.

*Sentence Disparity*. Defendant's co-defendants received justifiably shorter sentences. Raymond Trapani, who pleaded guilty pursuant to a cooperation agreement and provided substantial assistance to the Government, was sentenced to time served. Robert Farkas, who had a minor role in the fraud and received a fraction of the proceeds, was sentenced to 366 days. A one-year sentence would not correct "unwarranted sentence disparities" because there were none. § 3553(a)(6). The motion is denied because a sentence reduction is not warranted in light of the § 3553(a) factors.

### B.     Extraordinary Circumstances

Defendant's arguments of extraordinary circumstances also do not support sentence reduction. Defendant points toward (1) his significant rehabilitation progress and efforts of restitution, (2) his medical conditions, (3) his higher sentence compared with the ones received by his co-defendants and (4) unforeseen deterrence from (a) the COVID-19 lockdowns, (b) the lifetime ban imposed by the SEC and (c) the publicity of this case. These grounds do not constitute extraordinary circumstances that warrant sentence reduction.

#### 1.     Rehabilitation

Defendant's rehabilitation progress, while commendable, does not by itself constitute an extraordinary reason. "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *United States v. Brooker*, 976 F.3d

228, 238 (2d Cir. 2020).  "[T]o find otherwise would convert the process for obtaining compassionate release into a de facto parole system, through which defendants with good behavior are rewarded with sentence reductions, contrary to Congress's intent." *United States v. Tavarez*, No. 20 Crim. 301, 2024 WL 2958607, at *2 (S.D.N.Y. June 11, 2024).  Rehabilitation, however, may provide extraordinary and compelling reasons for a sentence reduction in combination with other factors.  *See, e.g.*, *United States v. Tellier*, No. 92 Crim. 869, 2022 WL 1468381, at *3 (S.D.N.Y. May 10, 2022).

Defendant has put forward impressive evidence of rehabilitation.  He has maintained a spotless disciplinary record and completed dozens of courses in a variety of subjects.  He has been employed throughout his incarceration and received praise from supervisors about his "strong work ethic," "positive and can do attitude" and "trustworth[iness]."  Even more impressive, he volunteered to tutor fellow inmates who deem his classes as "informative and vital to preparing them for release."  His tutoring was so well received that other inmates "request[ed] to be placed in his class."

Defendant's positive reputation and his efforts at self-improvement while incarcerated are impressive but are not enough to warrant a reduction of his sentence.  To constitute extraordinary circumstances, rehabilitation requires far beyond good behavior, remorse and participation in programming.  Even exceptional rehabilitation can be only one of several extraordinary and compelling reasons that together warrant release.  While the Court applauds Defendant's rehabilitation, it is not so far beyond what is expected of inmates that it counsels in favor of a sentence reduction, even in combination with the circumstances addressed below.  *See United States v. Tillman*, No. 13 Crim. 362, 2023 WL 355624, at *4 (S.D.N.Y. Jan. 23, 2023) ("While the Court commends [defendant] for apparently participating in positive prison programs,

6

obtaining a GED, and maintaining a clean disciplinary record, as well as for his plans to transition back to society, the Court does not find this progress and future plans to constitute extraordinary and compelling reasons meriting release . . . .").

### 2. Medical Conditions

Defendant's asthma, high cholesterol and pre-diabates, coupled with a heightened risk of complications from COVID-19, do not constitute extraordinary circumstances. During the height of the pandemic, COVID-19 provided an extraordinary and compelling reason for a sentence reduction for those with serious comorbidities. *See, e.g.*, *United States v. Rodriguez*, 492 F. Supp. 3d 306, 310 (S.D.N.Y. 2020). However, courts more recently have been reluctant to apply a sentence reduction where "the defendant's medical conditions are under control," *United States v. Sanchez*, No. 01 Crim. 74-2, 2022 WL 4298694, at *2 (S.D.N.Y. Sept. 19, 2022), and where the defendant is vaccinated. *United States v. Corbett*, No. 10 Crim. 184, 2023 WL 8073638, at *6 (S.D.N.Y. Nov. 21, 2023) ("[G]iven the efficacy of . . . vaccines against severe illness, hospitalization, and death, fully vaccinated inmates are hard-pressed to claim that the risk of contracting COVID-19 presents an extraordinary and compelling circumstance."). The Bureau of Prisons ("BOP") provided an albuterol inhaler and oral corticosteroids for Defendant's asthma. After some delay, the BOP also provided Defendant medication for his high cholesterol. Defendant also received medical care for his pre-diabetes. Defendant's medical conditions are under control and do not support a finding of extraordinary circumstances.

### 3. Sentencing Disparity

Defendant's eight-year sentence, compared with the shorter sentences received by his co-Defendants, does not warrant a sentence reduction as discussed above. A sentencing disparity can be reasonably attributed to "varying degrees of culpability and cooperation between the

7

various defendants." *Fernandez*, 104 F.4th at 428.  Defendant, as the mastermind of the fraudulent scheme, was by far the most culpable of the the three co-defendants.  Farkas, who was sentenced to 366 days, played a minor role in, and profited much less from, the fraud than Defendant.  Trapani, who was sentenced to time served, provided substantial assistance to the Government.  Differences in "the offenses of conviction, or one coconspirator's decision to plead guilty and cooperate with the government" constitute "valid reasons" for the disparity.  *Id.*

    **4.**    **Unforeseen Punishment**

Defendant argues that his sentence was harsher and more punitive than the Court had anticipated at sentencing because (1) the SEC banned Defendant for life, (2) Defendant was subject to harsh conditions in prison during the COVID-19 pandemic and (3) the continued publicity about this case provides additional deterrence.  These arguments are unavailing.  The SEC ban was not unexpected given the nature of the crime.  Defendant's "generalized reference to the harsh conditions created by the [COVID-19] pandemic does not, without more, amount to an extraordinary and compelling circumstance." *Tavarez*, 2024 WL 2958607, at *2 (collecting cases).  Also, Defendant filed this motion on August 12, 2024, years after COVID-19 emerged and vaccinations became widely available.  *See United States v. Santana*, No. 12 Crim. 790, 2023 WL 2625790, at *3-4 (S.D.N.Y. Mar. 24, 2023) (finding no extraordinary reason when the defendant filed his motion in August 2022 and did not adduce evidence that, with vaccines, his conditions still presented a sufficiently grave risk from COVID-19, because the initial threats COVID-19 posed were no longer part of "the present-day reality").  And the continued media attention is not of the same gravity as the circumstances listed as extraordinary in the Guidelines.

8

IV. **CONCLUSION**

For the foregoing reasons, Defendant's motion for a sentence reduction is **DENIED**. The Clerk of Court is respectfully directed to close the motion at Dkt. Nos. 624 and 625.

Dated: October 24, 2025
      New York, New York

                                               LORNA G. SCHOFIELD
                                       UNITED STATES DISTRICT JUDGE